*73 OPINION of the Courts by
Judge Owsiet.
This Was an action of detinue, brought by Briscoe in the cotírt bdow to recover a negro girl from the possession of Tarlton, The trial was had in that court on the general issue, and verdict and judgment obtained by Briscoe; feto which judgment Tarlton has appealed to, this Court.
, The action was brought in the Scott circuit court, and the venue is laid in the declaration to be within the eircuit óf Fayetteand it is assigned for error, that the declaration is in that respect insufficient. This .objection Cannot be sustained. Were this a local; action, then as the suit should be brought in the county where ■■ thé?. cause of action arose, the allegation in the deciarátion stating the venue in a different county to that where the action was commenced, would be fatal; but with reSpect to transitory actions, there can exist no necessity for the venue to be laid in the county where the suit is brought. It cannot be necessary for the purpose of giving jurisdiction to the court, because in such cases the jurisdiction is not confined to the circuit where the cause of action accrued. It cannot be necessary lor the purpose of shewing from Whence the venue is to cotoe 3 for according to our law the jury is to be summoned from the bystanders. It cannot, in fine, be a material allegation, because it is not traversable 5 and under our statute of jeofails, if it were otherwise, in a different state of pleading, essential, the irregularity is cured by ver-dfct,
‘ 1⅜¾⅜ also assigned for error, that the court below erred Mreteing to pei»mit ⅜⅜ appellant to flSü ípféa’- of *74 tlie statute óf limí latí cus. That plea was offered at ⅛ subsequent term to 'the filing of jthe plea of non detinet, and should not hare been then received, unless it was sufficiently manifested to the court that the purposes of ⅛⅜⅛ required its admission. We are, however, of Opinion such a case was not made out by the appellant,
An tion by the court to the ju* ry, relative to a gift in Ma ryiand, founded nws>ap0piied>Wto the cafe, or up-⅞ * that'11”?* láws ot^Mary - land and our °wn laws were groper. ** not
It is true his application was founded upon an affida-then 'filed, but that affidavit more properly furnishes reason for filing a plea of the statute of limitations of the state of Maryland, than that of this country ; and it*is apparent from the averments in the plea j^elf, ⅛¾⅛ the statute of limitations of this state could . . .. „ , „ . lt., . ... .. not bar the action : tot* it is alleged that neither the ap-pellee, the plaintiff in the court below, nbr those under w|i0m ¡ie derives his claim, were within the limits of this country for five years before the commencement of this suit. Under these circumstances, therefore, we have no the C0U1't below properly exercised their discretion *n refusing to permit the plea to be filed,
Having disposed of these preliminary objections, we «bali proceed to notice those points which relate more immediately to the merits afthe contest, and which are deemed necessary to a decision by this court.
Both the parties to this contest appear to claim the negro through Dorcas Briscoe: the appellant by pin-chase from Ralph Briscoe, who claimed the negro as heir at law to bis daughter Dorcas Briscoe; and the appellee as heir at law to his daughter Dorcas Tarlton, who he contends was entitled'to the negro by a gift from Dorcas Briscoe. And upon the trial in the court below, after proof ivas produced by the appellee to establish the gift by Dorcas Briscoe to his daughter Dorcas Tarlton,. the appellant moved for and obtained the instructions of that court to the jury, that if they were of opinion from the evidence, that Dorcas Briscoe, when she made the gift to Dorcas Tarlton, was an infant under the age of 21 years, that the gift w as voidable at her instance or that of her representatives.- Exceptions were taken to the opinion of the court in giving these instructions, and wc are now called on to decide upon the correctness of that opinion.
It is apparent from the evidence made part of the re-! cord, that the gift, if any were made by Dorcas Briscoe to Dorcas Tarlton, took place in the state of Maryland, where all the parties at thattim,e resided. According» *75 therefore, to settled principies, tfee rights of the parties to that gift must be determined by the laws of Maryland in force when the gift w as made. What those laws then were, and - whether according to their provisions persons under the age of 21, may avoid their gifts, were inquiries necessarily involved in the trial before the jury, and which must have been decided by that court in their instructions. Those instructions, we are ox opinion, cannot be maintained.
What are the laws of Maryland, this court cannot judicially know. They are matters of fact, triable as other facts, and necessary to be ascertained by the jury upon the proof before them. It is true, by the laws of this country, applied to cases governed by them, infants may avoid their contracts ; but it does not from thence follow as a conclusion of law, that the laws of other states are in this respect the same. Could the existence of a foreign law be presumed from that of our own, (which we do not however admit) it would bebut a presumption of the existence, of a fact, liable to be repelled t-y other evidence. The character of a foreign law would stillbe the same; it would be nevertheless a fact to be determined by a jury, upon all the evidence relating thereto : .and even then, under the circumstances of this case, the court erred in withdrawing from the jury a decision of what the law s of Maryland were. It is true, were the •laws of Maryland proven, then as matter of law the rights of the parties should be controlled by them; but the court below could not regularly, by assuming what the laws: of. that state were, instruct, the jury upon the effect of the gift.
The judgment of that court must consequently be reversed with costs, and the cause remanded for a new trial to be had upon the issue joined.