ELLIOTT and Another *v.* RAY, in Error.

THE general doctrine is, that an action of debt cannot be sustained on a decree in chancery. *Jones* v. *Bradshaw*, Cas. Temp. Talb. 223.—3 P. Wms. 401, note f.—*Hugh* v. *Higgs*, 8 Wheat. 697.

An action of debt will not lie on the decree of a Court of chancery in another state, unless the decree have, by the statute of that state, the force and effect of a judgment at law (1).

If the decree have such effect by statute, that fact should be averred and proved; the statutes of other states not being noticed here without proof (2).

(1) It is enacted, by a recent statute, that money due by a final decree of a Court of equity, without this state, may be recovered in an action of debt. Stat. 1833, p. 112.

(2) Vide *Stout* v. *Wood*, Vol. 1. of these Rep. 71.—*Cone* v. *Cotton*, Nov. term, 1827, post.

The statutes of one of the states, unless pleaded, cannot be noticed by the Courts of another state. *Walker* v. *Maxwell*, 1 Mass. 104.—*Pearsall* v. *Dwight*, 2 id. 84.—*Legg* v. *Legg*, 8 id. 99.—*Beauchamp* v. *Mudd*, Hardin, 163. To entitle such statutes to judicial notice in another state, they must be proved. *Tarlton* v. *Briscoe*, 4 Bibb, 73.—*Talbot* v. *David*, 2 Marsh. 609.—*Church* v. *Hubbart*, 2 Cranch, 186. *Thompson* v. *Ketcham*, 8 Johns. R. 189.—*Hosford* v. *Nichols*, 1 Paige, 220, 226. By act of congress, "the acts of the legislatures of the several states shall be authenticated by having the seal of their respective states affixed thereto." Gord. Dig. 940. And it has accordingly been held, that a statute of one state is not admissible in evidence in the Courts of another, unless it be so authenticated. *Craig* v. *Brown*, 1 Peters, C. C. R. 352.—*State* v. *Twitty*, 2 Hawke, 441. But, in *Pennsylvania*, copies of the statutes of another state, contained in a book purporting to contain the laws of such state, and to be printed by the public printer, are admissible in evidence. *Thompson* v. *Musser*, 1 Dall. 462.—*Biddis* v. *James*, 6 Binn. 321. So, in *Massachusetts*. *Raynham* v. *Canton*, 3 Pick. 293. So, in *Vermont*. *State* v. *Slade*, 1 Chip. 303. The statute-book of another state, printed by a private printer, is not admissible in *Connecticut*. *Bostwick* v. *Bogardus*, 2 Root, 250.

The written law of a foreign state must be proved by a copy duly authenticated. *Clegg* v. *Levy*, 3 Campb. 166. The unwritten law of a foreign state may be proved by the parol evidence of witnesses professing professional skill. *Millar* v. *Heinrick*, 4 Campb. 155, per *Gibbs*, C. J. Vide Roscoe on Ev. p. 60.

Copies of the statutes of *Great Britain* and *Ireland* prior to the Union, printed by the king's printer, are received mutually as conclusive evidence of the several statutes in the Courts of either kingdom. Stat. 41 Geo. 3.

Particular customs and private statutes, like the statutes of other states, and foreign

laws, being no part of the general law of the land, must be set forth in the pleading of the party relying on them. They are pleaded as matters of fact; and their existence may be denied by plea. When denied, they must be proved as other facts are proved. Gould's Pl. 56.—1 Chitt. Pl. 218.—Steph. on Pl. 352.