By the Court:
 

 Bayard,
 
 Chief Justice.
 

 Plaintiff offers Purdon’s digest to prove the law of Pennsylvania on the subject of burning houses, which is objected to — 1st. Because it is not proper evidence of the law. 2d. That, if it were, the plaintiff would not be permitted to prove the law, because it is not averred in the declaration.
 

 The law of slander is now well settled. Words to be actionable in themselves must impute a crime or misdemeanor, which would subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment. (2
 
 Leigh’s N. P.
 
 1350,
 
 n.
 
 1351;
 
 Stark. Stand.
 
 7;
 
 ib.
 
 8,
 
 n.;
 
 5
 
 Johns. Rep.
 
 188; 1
 
 Harr. ) Rep.
 
 337.) Where the words are uttered in relation to acts prohibited by our laws, it is not necessary to aver the law; the court will • take notice of it. But where the words charge an act not violating our lawrs, but criminal only as against the laws of another State, such : law's should be averred, or referred to in such manner as to show that j the words charge an offence punishable criminally by the laws of Í that State. The form of such averment is not important; it is usual-j ly made by way of inducement. (2
 
 Mass. Rep.
 
 84; 8
 
 ib.
 
 99; 1
 
 ib.
 
 104;
 
 Hardin’s Rep.
 
 165; 4
 
 Bibb
 
 73; 2
 
 Marsh.
 
 609; 1
 
 Stark. Ev.
 
 197,
 
 n.)
 

 The question then is whether the words charged in this narr. impute an offence which is shown by any averment to be criminally punishable in Pennsylvania. The averment is, that it was designed
 
 *79
 
 to subject Kinney to the
 
 •pains
 
 and
 
 penalties
 
 of the laws of Pennsylvania against such
 
 offences
 
 and
 
 misconduct.
 
 Do the terms pains and penalties import corporal punishment as for crime'? The word
 
 penalty
 
 has no such force. The question rests then on the force of the word
 
 pains,
 
 as connected with the word penalties. The court have a strong inclination of opinion on this subject; but think it unnecessary now to decide it; because — 2d. We are clearly of opinion that Purdon’s digest is not evidence of the laws of Pennsylvania. The constitution of the United States declares that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State; and provides that Congress may by general laws, prescribe the manner in which such acts, &c., shall be proved, and the effect thereof. By an act of Congress passed May 25th 1790, it is provided that “the acts of the Legislatures of the several States shall be authenticated, by having the seal of their respective States affixed thereto.” It has been held in the United States courts that printed statute books, not authenticated by the seal ‘of the State, are not admissible evidence in any other State..
 
 (Craig
 
 vs.
 
 Brown,
 
 1
 
 Peters Rep.
 
 352.) And this decision has been followed in some of the States. (2
 
 Hawks.
 
 441.) In Pennsylvania the acts published by the State printers of other States, or purporting to be, are admissible in evidence. (1
 
 Dallas
 
 462; 6
 
 Bin. Rep.
 
 321.) So in Massachusetts and Vermont. (3
 
 Pick. Rep.
 
 293; 1
 
 Chip. Rep.
 
 303.) But acts published by a
 
 private
 
 printer have been ruled out in Connecticut. (2
 
 Root
 
 250.) In
 
 State
 
 vs.
 
 Stade,
 
 (1.
 
 Chip. Rep.
 
 303,) the court said: “if such act be proved agreeably to the provisions of the act of Congress, the courts are
 
 bound
 
 to admit it — they
 
 may
 
 admit it, although not so proved.” In practice, public statutes, published by authority jn other States, are generally read without objection, in the several State courts. (1
 
 Stark. Ev.
 
 196,
 
 n.
 
 2.)
 

 Without deciding that we would not in any case receive the printed volume of laws of another State, published under the authority of the Legislature and by the public printer, with the certificate of the Secretary of State, or other authentication not strictly according to the act of Congress, it is sufficient now to say, that a mere digest of the laws published by a private person, is not legal evidence of the statute law of another State,
 

 (a)
 

 The plaintiff suffered a nonsuit.
 

 (a)
 

 By the act of assembly of February 16, 1843, the printed acts of other States and Territories, received at the State library of this State, are made evidence, without further authentication.