SullivaN, J.
Assumpsit by Glarh against Woodruff. The declaration contains two counts. The first is on a promissory note; the second is for goods, wares, and merchandise sold and delivered.
The defendant pleaded, 1, Non assumpsit; 2, That as to $166.14, part, &c., he, the defendant, before the commencement of the suit, &c., paid that sum to the plaintiff in manner following, viz., that said plaintiff was then and there, and still is, idebted to the defendant in the said sum of $166.14 for goods, wares, and merchandise, before that time sold and delivered by defendant to plaintiff at his request, and for money *361 paid, &c.; concluding with an offer to set-off, &c. The third plea was to the first count, and set up an unsatisfied decree in chancery of the LaGrange Circuit Court in favour of the defendant against the plaintiff for the sum of $251, with an offer to set off, &c. 4, Payment. The plaintiff added the similiter to the first plea, and demurred to the second. To the third, he filed two replications according to the statute; 1, That defendant did not pay in manner and form, &c.; and, 2, That said decree had been fully paid and satisfied by one Nicholas, &c. The Court sustained the demurrer to the second plea; and on a demurrer to the second replication to the third plea, the Court held, the plea to be bad. The issues on the first and fourth pleas were tried by a jury. Verdict and judgment for the plaintiff.
We think the demurrer to the second plea ought to have *been overruled. That plea is pleaded as a bar to a part only of the sum demanded, and alleges payment of that part, and according to the requirements of the statute on which it is founded, sets out a contract by which it appears that the plaintiff was indebted to the defendant in the amount alleged to be paid. The demurrer therefore was not well taken, and the Court erred in sustaining it.
There was no error in sustaining the demurrer to the third plea. Á suit at law can not be maintained on the decree of a Court of chancery, 2 Blackf., 31; 8 Wheat., 697, except it be a foreign decree, in which case, by express statutory provision, an action of debt may be maintained. The decree pleaded in this case was not a foreign decree, and therefore does-not come within the exception. It is manifest, that if an action at law could not be maintained on the decree, it can not be set up, as a legal defense, in such action.
■On the trial, the defendant offered the decree in evidence under the general issue, but the Court rejected it; to which the defendant excepted. It follows from what has been already said, that the Court did not err in refusing the testimony. If the decree could not be pleaded in bar of the action, it could not be given in evidence to defeat it.
IP. Cooper, for the plaintiff.
J. B. Howe, for the defendant.
The Court erred in sustaining the demurrer to the second p.lea, for which reason the judgment must be reversed.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c. '