## BARBER v. BARBER.

1. DIVORCE A MENSA ET THORO.—A divorce *a mensa et thoro* does not destroy the relation of marriage, but merely suspends some of the obligations arising out of it. It will not enable the wife to sue her husband; nor can the objection be deemed obviated by the consideration that she sues by her *prochein ami*.

2. SAME—DECREE FOR ALIMONY IN ANOTHER STATE.—A decree for alimony on a divorce, in another state, is not a judgment, so that an action can be maintained on it; it being in its nature temporary, and liable to be modified or annulled by the court which granted it, it has not the force and effect of a judgment at law.

3. ALIMONY.—The court making a decree for alimony can alone enforce its performance.*

*(1 Chand. 280.)*

2p 297|
81 252|
2p 297
d94 58
2 p 297
59 LRA 178n

ERROR to the late District Court for *Milwaukee* County.

This was an action by the plaintiff in error by her next friend. The declaration set forth that the plaintiff had been divorced *a mensa et thoro* of the defendant, her husband, by an order or decree made by the vice-chancellor of the fourth circuit of the state of New York, on the complaint of the plaintiff in error, and that by the said order or decree, the defendant was ordered and adjudged to pay to the plaintiff, for her support and maintenance, $360 a year, in quarter-yearly payments, as and for her permanent alimony from and after the first day of July, 1844, during her life, and that the sum of $960 of such alimony be forthwith paid, and that the plaintiff have execution thereof. The plaintiff in error claimed under the said order or decree the sum of $960.

To this declaration the defendant in error demurred, and assigned for causes: 1. That the declaration shows that the plaintiff is a *feme covert*, the wife of the defendant. 2. That the judgment or decree is not such an one as can be prosecuted in this form of action. 3. That it does not appear from the said declaration that the said court of chancery had jurisdiction of the person of this defendant, or that he was served

with process, or had notice of the said suit, without which the suit cannot be maintained.

The district court sustained the demurrer, and rendered judgment against the plaintiff in error. To reverse this judgment the writ of error in this cause was brought.

*Holliday & Brown*, for plaintiff in error, argued that the action below could be maintained to recover alimony by the wife as against the husband where she had been divorced *a mensa et thoro*, where such alimony had been ordered and decreed by a court of another state having jurisdiction of the matter, and that such action might be based upon the order or decree, and to this point was cited 3 Caines, 22 ; 9 Cow. 494 ; 13 Wend. 467 ; 9 Serg. & R. 252 ; U. S. Digest, 514.

*E. G. Ryan*, for the defendant in error, argued that a divorce was a matter of special jurisdiction, and that to maintain a suit for alimony against the husband by the wife, the jurisdiction of the court granting such divorce, it having been done in another state, should have been averred in the declaration, and to this point cited authorities, to wit : 8 Wheat. 697 ; 3 Barn. & C. 52 ; 5 Eng. Com. Law, 225 ; that debt does not lie on a decree in chancery on a decree for alimony was cited 9 Greenl. 140 ; that the wife divorced simply *a mensa et thoro* could not maintain an action against her husband for alimony or other cause ; that such a divorce did not so sever the matrimonial tie as to give to the wife a right of action against her husband, either in her own name or by *prochien ami*. To this point was cited 10 Eng. Com. Law, 84.

LARRABEE, J.   The demurrer is well taken.   After many decisions, which overthrew the doctrine of the common law, it was at last held, after a full argument before the twelve judges, that a *feme covert* could not sue or be sued as a *feme sole*, even though she was living apart from her husband, with his consent, and upon a separate maintenance secured by deed. *Marshall v. Rutton*, 8 Term, 545.

It is also a settled doctrine that a divorce *a mensa et thoro* does not destroy the relation of marriage, but merely suspends for a time some of the obligations arising out of that relation. *Lewis v. Lee*, 3 Barn. & C. 291.

This is the doctrine of the English courts, though in this country it does not appear to be well settled. It is true that in the case of *Dean v. Richmond*, 5 Pick. 461, it was held that a wife divorced *a mensa* might sue and be sued in an action at law as a *feme sole*, for property acquired or debts contracted subsequently to the divorce; and Chancellor KENT, in his Commentaries (2 Kent, 158), regards this as the more reasonable doctrine. But this decision is based upon the fact that at the time there was no court of chancery in Massachusetts, and hence an adherence to the strict rule would operate as a complete denial of justice. The decision in this view was no doubt a very proper one, but here there is no necessity for such a departure, and we are disposed to maintain the doctrine of the common law. The action in this case being in the name of a *prochien ami*, does not obviate the difficulty.

Another ground of demurrer is, that an action of debt does not lie to enforce a decree in chancery.

Without going into an examination of the general doctrine, it is sufficient for the present purpose to inquire into the force and effect of a decree for alimony in the state of New York, where this decree was made. Has it the same force as a judgment at law? We think clearly not, as the statute provides (2 N. Y. Rev. Stat. 148), that the husband shall be required to give reasonable security for the performance of the decree, and, in case of his neglect or refusal, authorizes the court to sequester his personal estate, and the rents and profits of his real estate.

There is no provision which declares in so many words as does our own, that decrees shall have the same force and effect as a judgment; but the general provision in relation to decrees for the payment of any debt, damages, etc., makes them a

charge upon lands, tenements, real estate and chattels real, the force of a decree for alimony thus being an exception to the general provision.

The decree for alimony is a specific one for the support of the wife, and in its nature distinct and temporary. It may be increased as the necessities of the wife may require, and the ability of the husband permit, or it may be diminished or dissolved. Hence it cannot be regarded as a decree absolute for the payment of a sum certain, nor has it the force and effect of a judgment at law. It belongs to that numerous class of decrees which, from their very nature, cannot be enforced in any other than a court of chancery, where one exists. *Elliot v. Ray*, 2 Blackf. 31.

We are therefore of opinion that the action does not lie in this case.

The judgment is affirmed.

---

\* Subsequently a suit in equity was brought in the district court of the United States for the district of Wisconsin, to recover alimony adjudged due by the decree upon which the foregoing action was founded, and the complainant had a decree, the suit having been instituted in her name by her next friend. An appeal was taken to the supreme court of the United States, and the decision of that court will be found in 21 How. (U. S.) 582. That court disclaiming altogether any jurisdiction upon the subject of divorce, or the allowance of alimony, either as an original proceeding in chancery, or as an incident to a divorce *a vinculo* or *a mensa et thoro*, still held that where a court of competent jurisdiction in another state decreed a divorce *a mensa et thoro*, allowing alimony to the wife, and the husband removed to Wisconsin for the purpose of placing himself beyond the jurisdiction of the court which could enforce it, without having paid any part of it, or leaving any estate out of which it could be realized, the wife could sue by her next friend in a court of the United States having *equity* jurisdiction, to recover the amount of money decreed by the state court.

In that case it was further held, that a wife under judicial sentence of separation from bed and board was entitled to take a domicil for herself, different from that of her husband, and that she might, by her next friend, sue her husband for alimony which he had been decreed to pay as an incident to such divorce, or when it had been given after such decree upon a supplemental bill. TANEY, C. J., and DANIEL and CAMPBELL, Justices, *dissenting*.