## THOMAS BROWN

*v.*

## ALDEN BOOTH.

66  419
148  88
66  419
64a  328
66  419
73a  51

1. PRACTICE—*filing additional plea.* After a cause has been reversed and remanded by this court, it is a matter of discretion with the circuit court whether it will give the defendant leave to file an additional plea.

2. EVIDENCE—*proof of contents of notice.* A party may prove the contents of a notice served upon the opposite party without first giving notice to produce the original.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

This was an action upon a promissory note, which was signed by Alden Booth as security for Lyman Booth. Alden Booth pleaded the fact of his suretyship, and that the plaintiff, after the maturity of the note, extended its time of payment. The issue was found for the defendant, and the judgment was reversed in this court, and upon its being remanded, the court below allowed the defendant to file an additional plea setting up a notice in writing by him to the plaintiff, after the maturity of the note, to put the same in suit forthwith. On the trial the court permitted the defendant to testify that in 1857, after the note was due, he served on Lyman Shew, agent of the plaintiff, a notice to put the note in suit; that he had never had any other copy of the notice thus served, and therefore had not preserved one; and to state the contents of the notice.

The defendant, four days before the commencement of the term, notified plaintiff's attorneys to produce this notice. The plaintiff was a resident of the State of Ohio.

There was a verdict and judgment for the defendant.

Messrs. SHAW & CRAWFORD, for the plaintiff in error.

Mr. CHARLES DUNHAM, for the defendant in error.

Per CURIAM: Only two reasons are urged for reversing this judgment. One is, that the court should not have permitted an additional plea to be filed after the case was remanded from this court. The second is, that the notice to the plaintiff's attorney to produce the notice formerly served upon his client was not sufficient. In regard to the first point, we need only say that the filing the plea was matter of discretion with the court; and as to the second, the proof of the contents of the original notice was admissible without a notice to produce

it. Notice to produce a notice is not necessary. Phillips on Ev. 544. If it were, we think the notice in this case sufficient.

The judgment of the court below is affirmed.

*Judgment affirmed.*

| 66 | 421 |
| 31a | 347 |

| 66 | 421 |
| 34a | 633 |

| 66 | 421 |
| 137 | 407 |

| 66 | 421 |
| 155 | 332 |

| 66 | 421 |
| 89a | 4520 |

| 66 | 421 |
| 193 | 3311 |

| 66 | 421 |
| 106a | 4267 |