WILLIAM C. Dow, Admr.

v.

CHRISTINA BLAKE.

*Filed at Ottawa October 26, 1893.*

1. JUDGMENT AND DECREE—*on decree of divorce—whether superseded by a new order.* In 1882 a decree of divorce was entered in the State of Wisconsin, which, after providing for the custody of the children of the parties, ordered and adjudged that the defendant should pay his wife $2000, upon her releasing her dower in his lands, and awarding costs against him. In 1888, on petition of the wife, the court rendered judgment against the husband for the sum of $31,000, in favor of the wife, as her full and final share and allowance in the final division and distribution of the property of the defendant, and ordered that, except as therein modified or superseded, the original judgment should stand and remain in full force: *Held,* that the last judgment was something more than a mere modification or supplement to the decree of 1882, and that the last judgment was complete in itself, and enforcible by action of debt thereon.

2. SAME—*have the same force and effect as in State where rendered.* Where a suit is brought in this State upon a judgment rendered in another State, such judgment will be given, under the act of Congress, the same force and effect as it has in the State where rendered. If it be shown that by the law of the State where the judgment was rendered, an appeal has the effect of suspending the judgment appealed from, or of staying the execution thereof, the pendency of such appeal is a material fact, to be proven in a suit upon the judgment in this State.

3. SAME—*of other States—action on, after appeal.* But unless it appears that an appeal or writ of error suspends the judgment in the State where it is rendered, the pendency of the appeal or writ of error will be no bar to an action on the judgment in another State. The pendency of an appeal, which operates as a stay, is a matter to be proven as a defense to or in suspension of the action.

4. SAME—*action on, after affirmance.* Where a foreign judgment has been affirmed on appeal, it is not necessary to declare upon the judgment as disposed of by the appellate court, but only as rendered by the inferior court, especially when the judgment of the inferior court does not show, on its face, that an appeal from it has been taken.

5. SAME—*must be final before action will lie upon it.* A foreign judgment, or judgment of another State, can not be sued on, unless it is final

and conclusive in the country or State where it was rendered, according to the law of that place. It should be complete and definitive in its nature, and a valid and subsisting obligation, and it must be certain, or capable of being made so.

6. Same—*matter affecting its finality.* A judgment in favor of a divorced wife, against her husband, for a specific sum of money, is a final judgment, notwithstanding the judgment of a higher court affirming the same may give the defendant leave to apply to the trial court for a modification of the judgment as to the time of its payment. Such a modification is directed only to the matter of carrying the judgment into effect.

7. The general rule is, that if, after a judgment or decree has been entered, no further questions can come before the court except such as are necessary to be determined in carrying it into effect, it is final.

8. Same—*petition to modify a decree awarding a sum in lieu of alimony as a bar to an action.* Where a judgment awarding a divorced wife a gross sum of money in full of her rights and claims is affirmed by an appellate court, with leave to the defendant to apply to the trial court for a modification as to time of payment, an application of the administrator of the defendant's estate to reduce the amount of the judgment, made after action brought upon the judgment, can not interfere with the suit on the judgment.

9. Same—*impeaching for fraud.* The general rule is, that the judgment of a State court may not be impeached collaterally in a court of another State on the ground of fraud, unless fraud in procuring it can be set up as a defense in the State where it was rendered.

10. A defendant in an action upon a decree of another State, rendered against him on a bill for divorce, can not attack the decree upon the ground that it was obtained through fraud and collusion between himself and wife, and his administrator is equally forbidden to make such a defense. This is upon the ground that in a court of justice one can not complain of a wrong done by himself, or another's wrong in which he was a partaker.

11. Decree of alimony—*action of debt lies.* An action of debt lies in this State upon a final decree for alimony rendered in another State. When such a final decree is rendered by a court of competent jurisdiction in one State, the constitution of the United States requires that full faith and credit be given to it in every other State. The decree of the court of the other State wherein the decree is sued upon, will accord to it the effect it has under the law of the State of its rendition.

12. Dower—*release—when presumed.* In a suit for divorce the court entered judgment of $2000 against the husband, in favor of the wife, upon the condition of her releasing her dower in his lands. Afterward the court required the husband to pay her $31,000 in full of all her de-

mands, on the petition of the wife for an increase of her allowance. In such petition she averred that the $2000 had been paid, and the answer admitted such payment: *Held*, that as the husband was not required to pay the $2000 until the dower was released, the reasonable conclusion would be that the dower was released, especially when that fact was not denied in his answer.

13.  VARIANCE—*waiver by failing to object specifically.* In an action upon a judgment of a sister State, the failure of the defendant to object to the introduction of the judgment on the specific ground of variance in description and date of the judgment as proved and the judgment as declared upon, will be regarded as a waiver of that objection, if any exists.

14.  PRACTICE—*leave to file additional pleas—discretion.* It is a matter of discretion with the court to allow a defendant to file additional pleas, and its refusal to allow the same to be filed three days before the case is set for trial will not be an abuse of that discretion.

15.  SAME—*refusal to grant leave to file additional plea, when harmless.* Where a defendant has the full benefit of all the matters contained in his plea, he will have no just ground of complaint of the action of the court in refusing leave to file the same after the issues are made up.

16:  ABATEMENT—*of attachment by the death of the sole defendant.* An attachment suit will not abate by the death of the sole defendant, but survives against his administrator.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. DOOLITTLE, PALMER & TOLMAN, for the plaintiff in error:

The judgment of the Appellate Court, and not that of the trial court, is the final judgment when a case has been appealed, and the transcript of the record in the Appellate Court is the proper one to be presented in an action upon such judgment. *Griffin* v. *Seymour*, 15 Iowa, 30; *McLaren* v. *Kehler*, 23 La. Ann. 80; Black on Judgments, sec. 868.

The judgment would not be treated as final in the State of Wisconsin, where it was rendered, and would not support an action at law there. *Blake* v. *Blake,* 68 Wis. 303; 75 id. 343.

The allowance was subject to modification or complete revocation by the court. Laws of Wisconsin, sec. 2327; *Hopkins* v. *Hopkins*, 39 Wis. 171; *Blake* v. *Blake*, 68 id. 303; *Bacon* v. *Bacon*, 43 id. 202; *Campbell* v. *Campbell*, 37 id. 219.

The court, by refusing leave to file the additional pleas, prevented the defendant from making full defense.

In no State will a common law action of debt lie upon a judgment for alimony. *Barber* v. *Barber*, 2 Pinney, 297; *Barber* v. *Barber*, 21 How. 582; *Van Buskirk* v. *Muloch*, 3 Harr. 184; *In re Robinson*, 27 Ch. Div. (Eng.) 160; *Linton* v. *Linton*, 15 Q. B. 239.

In Wisconsin no action at law will lie upon the decree for alimony here sued on, and therefore no greater effect can be given to those decrees in this State. *Guenther* v. *Jacobs*, 44 Wis. 354; *Barber* v. *Barber*, 2 Pinney, 297.

Messrs. Millard & Boyesen, and Mr. J. A. Eggen, for the defendant in error:

A decree for alimony, there being a competent jurisdiction, is a record to which, under the constitution, must be given full faith and credit in every other State. The courts of the other States, wherein the decree is relied on, will accord to it the effect it has under the laws of the State of its rendition,— not under that of their own State. Bishop on Marriage and Divorce, sec. 847; *Smith* v. *Smith*, 17 Ill. 482; *Zepp* v. *Hager*, 70 id. 223.

An action at law lies upon a decree for a gross sum as alimony. *Howard* v. *Howard*, 15 Mass. 196; *Rigney* v. *Rigney*, 23 Abb. N. C. 213; *Stewart* v. *Stewart*, 27 W. Va. 000.

The judgment in the case at bar is in strict compliance with the statute of Wisconsin providing for final judgments in cases of divorce between husband and wife. *Thompson* v. *Thompson*, 73 Wis. 384; *Blake* v. *Blake*, 68 id. 303; 75 id. 339; *Bacon* v. *Bacon*, 43 id. 204; *Campbell* v. *Campbell*, 37 id. 218.

Even if the judgment might be subject to modification by subsequent proceedings in Wisconsin, so long as it stands unmodified and unaltered it is a final judgment, which can and must be enforced in the jurisdiction of every sister State. *Dinet* v. *Eigenmann*, 80 Ill. 274.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action of debt, begun on October 12, 1889, by the defendant in error against Barnum Blake in the Circuit Court of Cook County. An attachment writ was issued upon the ground of the defendant's non-residence, and levied upon real estate in Cook County. The declaration counts upon a judgment for $31,000.00 rendered in favor of the plaintiff, Christine Blake, against Barnum Blake by the Circuit Court of Milwaukee County in the State of Wisconsin at the October Term thereof held in 1888. On November 23, 1889, Barnum Blake by his attorney entered a motion in the present case for stay of proceedings, which was overruled. On December 9, 1889, the death of Barnum Blake was suggested. On September 11, 1890, leave was given the plaintiff to substitute William C. Dow, administrator of the estate of Barnum Blake, deceased, as party defendant. On October 17, 1890, said administrator appeared and filed two pleas: *nul tiel record* and *payment,* but did not plead to the attachment writ. On March 23, 1892, defendant moved for leave to file additional pleas, which motion was overruled, and default entered of record on the attachment issue. On March 26, 1892, the cause came on for trial. By agreement, both parties were allowed to introduce such portions of the statutes of Wisconsin, and such decisions of the Supreme Court of that State as they might deem proper, without formal pleadings thereof. Jury was waived and cause submitted to the court for trial without a jury. The Circuit Court found in favor of the plaintiff, and, after overruling a motion for a new trial, rendered judgment in favor of plaintiff for $31,000.00 debt, and

$7209.00 damages, against the administrator, to be paid in due course of administration, and for execution against the property attached. This judgment has been affirmed by the Appellate Court, and is brought here for review by writ of error.

*First,* it is claimed by plaintiff in error, that there was a variance between the judgment declared upon and the judgment offered in evidence, and that, therefore, the judgment record was improperly admitted. It is said that the declaration sets up an absolute judgment for $31,000.00 rendered on December 24, 1888, but that the judgment introduced was a conditional judgment for $2000.00 rendered on May 6, 1882, and subsequently modified. In order to understand this objection, it will be necessary to examine the record of the judgment as introduced. The proceedings in Wisconsin offered in evidence by the plaintiff, showed that, in a divorce suit in said Circuit Court of Milwaukee County brought by Christine Blake against Barnum Blake, there was entered, on May 6, 1882, the following judgment or decree:

"It is adjudged and decreed that the marriage contract existing between plaintiff and defendant herein be and is hereby dissolved; and it is further adjudged and decreed that the plaintiff, Christine Blake, and said defendant, Barnum Blake, be and are hereby forever divorced from the bonds of matrimony and freed from the obligations thereof; and it is further ordered, adjudged and decreed that the defendant, Barnum Blake, have the care, custody and education of the minor children, John F. Blake and Arthur O. Blake, mentioned in the complaint herein; and it is further ordered and adjudged that the defendant, Barnum Blake, pay to Christine Blake, the plaintiff herein, the sum of $2000, upon the execution by her of a release in full of all her dower right that she ever had, now has, or at any time may have in any of the real estate owned by the defendant, Barnum Blake, during the coverture; that the plaintiff have the costs in this action and that she have execution therefor."

6—148 Ill.

Afterwards, upon petition filed in said Court by said Christine in 1886, the Court, after finding, in substance, that the former provision was inadequate and had been made under a mistaken estimate of the pecuniary ability of Barnum Blake, rendered the following judgment therein on December 24, 1888:

"It is now here ordered and adjudged by this court, that Christine Blake, the plaintiff, do have and recover of Barnum Blake, the defendant, the sum of $30,000, and the further sum of $1000 for attorney's fees and disbursements in this proceeding, amounting in all to the sum of $31,000, as the full and final share and allowance of the plaintiff in the final division and distribution of the estate and property, real and personal, of the said defendant, Barnum Blake; and it is further ordered and adjudged, that, except as it is herein modified or superseded, said original judgment stand and remain in full force and effect."

The objection on the ground of variance, in description and date, between the judgment as proven and the judgment as declared upon was not made when the judgment roll was offered, although a number of other objections were made at that time. Not having been made then, it will be regarded as having been waived. The judgment of December, 1888, is something more than a mere modification of, or supplement to, the decree of 1882. That judgment is complete in itself and answers to the allegation in the declaration. When it was rendered, nothing remained of the decree of 1882, except the provisions annulling the marriage and giving the defendant the custody of the children; all the rest of that decree was merged in the judgment of 1888, which was for a definite and specific sum.

*Second,* It is claimed that, as the divorce case was carried for review to the Supreme Court of Wisconsin, the judgment of the latter court was the final one, and that the record of said court was the proper one to be presented in an action on

the judgment. The defendant below introduced in evidence the proceedings in the Wisconsin Supreme Court, showing that the decree of the lower court for $31,000.00 was affirmed on September 24, 1889, and, on petition for rehearing, the order of affirmance was adhered to, but leave was given to apply for a modification of the judgment as to the time of payment; the following being the judgment of the Supreme Court of that State:

"This cause came on to be heard on appeal from the judgment of the Circuit Court of Milwaukee county, and was argued by counsel. On consideration thereof, it is now here ordered and adjudged by this court that the judgment of the Circuit Court of Milwaukee county in this cause be and the same is hereby affirmed, with costs against the said appellant taxed at the sum of $45.50, and with leave to the said appellant to apply to the trial court for a modification of the judgment as to the time or times for the payment of the same." (*Blake* v. *Blake,* 75 Wis. 339). Counsel for plaintiff in error take the position that, when the continuation of the record was produced showing that the judgment sued upon had been appealed, it affirmatively appeared that there was no such record as that counted upon, and that, therefore, the plea of *nul tiel record* was supported.

The constitution of the United States, (Art. 4, sec. 1), provides, that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every State, and that Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof. Congress has enacted, after providing for the mode of authenticating the acts, records and judicial proceedings of the States, etc., that the records and judicial proceedings so authenticated shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the State from whence the said records are or shall be taken. (Act of

May 26, 1790, U. S. Rev. Stat. sec. 905). Hence, where suit is brought in this State upon a judgment rendered in another State, such judgment will here be given the same force and effect as it has in the State where rendered. If it be shown that, by the law of the State where the judgment was rendered, an appeal has the effect of suspending the judgment appealed from, or of staying the execution thereof, the pendency of such appeal is a material fact to be proven in a suit upon the judgment in this State. But unless it appear that the appeal or writ of error suspends the judgment in the State where it was rendered, its pendency is no bar to an action in another State on the judgment. (*Taylor* v. *Shew,* 39 Cal. 536; *Suydam* v. *Hoyt,* 1 Dutch. (N. J.) 230; *The Merchants Ins. Co.* v. *DeWolf,* 33 Pa. St. 45; *Woodward* v. *Carson,* 86 id. 176; *Faber* v. *Hovey,* 117 Mass. 107). It is not, therefore, necessary to declare upon the foreign judgment as disposed of by the Appellate Court, but only as rendered by the inferior court; especially where, as is the case here, the judgment of the inferior court does not show upon its face that an appeal from it has been taken. The pendency of an appeal which operates as a stay is a matter to be proven as a defense to, or in suspension of, the action. In the present suit, however, the proof introduced by the defendant shows, that the appeal was not pending but had been disposed of by an affirmance of the judgment by the Supreme Court of Wisconsin. A careful examination of the facts in *McLaren* v. *Kehler,* 23 La. Ann. 80, to which counsel refer, will not disclose anything inconsistent with the views here expressed.

*Third,* it is further objected that the judgment declared upon is not a final judgment. A foreign judgment, or judgment of a sister State, cannot be sued upon, unless it is final and conclusive in the country or State where it was rendered, according to the law of that place. It should be "complete and definitive in its nature, and a valid and subsisting obligation." It must be "certain or capable of being made so."

(2 Black on Judgts. secs. 845, 959; 12 Am. and Eng. Enc. of Law, pages 148 *m*, 149 *j*).

It is said, that the judgment is not final because the order of the Supreme Court affirming it gave the defendant leave to apply to the trial court for a modification of it as to the time of its payment. The material circumstance in favor of the finality of the judgment is that no leave was given to modify the judgment itself. It is manifest, that an application, which has reference to the time of payment of a judgment or decree, is directed only to the matter of carrying it into effect. The general rule is, that, if after a judgment or decree has been entered, no further questions can come before the court except such as are necessary to be determined in carrying it into effect, it is final. (1 Freeman on Judgts. sec. 22).

Our attention is called to the fact that on March 7, 1892, the administrator of Barnum Blake filed a petition in the Milwaukee County Circuit Court, and that such petition is still pending. An examination of the petition shows, that it is not an application to modify the judgment as to the time of payment, but to reduce the amount of the judgment itself. We do not think, that the pendency of such a petition, under the circumstances of this case, can interfere with the prosecution of the present action.

It is claimed, that the judgment is not final upon the alleged ground, that the payment of the $31,000.00 is subject to the condition, that the plaintiff shall release her dower in the defendant's lands. As such a condition was expressed in the judgment of 1882, and as the original judgment was to stand except as modified or superseded by the judgment of 1888, it is therefore argued that the condition as to the release of dower is a part of the latter judgment. Without discussion of the question, whether the judgment for $31,000.00 is or is not a complete substitute both for the judgment for $2000.00 and for the condition attached to the payment of the latter sum, it is sufficient to say, that the record of the proceedings

in the Wisconsin court, as introduced by the plaintiff, shows, with sufficient certainty, that the $2000.00 has been paid, and that the dower has been released. Not only is it so averred in the petition filed in the divorce case for an increase of the allowance, but the affidavit or answer therein filed by the defendant admits that he paid the $2000.00, and, as he was not obliged to make such payment unless the dower was released, the reasonable conclusion is· that it was released, especially as the answer does not deny the release.

It is furthermore contended, that the judgment is not final upon the alleged ground that it is merely a judgment for temporary alimony, and therefore variable and subject to change, and that, under the statutes of Wisconsin, there can be no final decree for permanent alimony without a division and partition of the husband's estate. As we construe the case of *Blake* v. *Blake,* 75 Wis. 339, this very judgment was there held to be final. But if such is not the correct construction of that case, the judgment expressly declares, that the recovery of the $31,000.00 shall be "the full and final share and allowance of the plaintiff in the final division and distribution of the estate and property, real and personal, of the said defendant." The Supreme Court of Wisconsin has held, as we understand the decisions, that the allowance of a gross sum to the wife in a divorce suit may operate as a final division and distribution of the husband's estate between the parties, where it is so expressly declared in the judgment. (*Hopkins* v. *Hopkins,* 40 Wis. 466; *Bacon* v. *Bacon,* 43 id. 197; *Blake* v. *Blake,* 68 id. 303; *Blake* v. *Blake,* 75 id. 339; *Campbell* v. *Campbell,* 37 id. 224; *Thomas* v. *Thomas,* 41 id. 229; *Pauly* v. *Pauly,* 69 id. 419). The fact, that leave was given to apply for a modification as to the time of payment, negatives the idea that the judgment was subject to modification in any other respect. We think that the judgment of 1888 is final, and certain, and complete.

*Fourth,* it is urged that an action will not lie in one State upon a judgment for alimony rendered in another State. There are some authorities which seem to support this contention. Such are *Van Buskirk* v. *Mulock*, 3 Harrison, (N. J.) 184; *Barber* v. *Barber*, 2 Pinney, (Wis.) 297; *Elliott* v. *Ray*, 2 Blackf. 31. These cases proceed upon the ground either that at common law an action of debt will not lie upon a decree in equity, or that the decree for alimony sued upon was not final in its character and was subject to modification, or that the decree did not have the force and effect of a judgment in the State where it was rendered. But we see no reason why a final decree, which directs the payment of a specific sum of money, should not have the same force and effect as a judgment at law; and it has not been here shown that it does not have such force and effect in the State of Wisconsin. Where such a final decree is rendered by a court of competent jurisdiction in one State, the constitution of the United States requires that full faith and credit be given to it in every other State. It makes no difference, so far as the duty of the courts in another State to enforce it is concerned, that the specific sum required to be paid by such a final decree is for alimony. In some of the earlier cases the courts had difficulty in sustaining an action by a woman against her husband upon such a decree, because the law governing their decisions then was that a *feme covert* could not sue as a *feme sole,* even though she was living apart from her husband with his consent. *(Barber* v. *Barber, supra).*

We think that an action can be maintained in one State upon a final decree for alimony rendered in another State. This position is sustained by the following authorities: *Barber* v. *Barber*, 21 How. (U. S.) 582; *Allen* v. *Allen & trustee*, 100 Mass. 373; *Stewart* v. *Stewart*, 27 W. Va. 167; *Rigney* v. *Rigney*, 23 Abbott's New Cases, 212. (See also, *Howard* v. *Howard* 15 Mass. 196). Bishop, in his recent work on Marriage, Divorce and Separation, (vol. 2, sec. 847) says: "A de-

cree for alimony, there being a competent jurisdiction, is a record to which, under the constitution of the United States must be given full faith and credit in every other State. The courts of the other State, wherein the decree is relied upon, will accord to it the effect it has under the law of the State of its rendition, not under that of their own State."

*Fifth,* it is further assigned as error that the trial court denied defendant's application to file additional pleas. The application was made only three days before the cause was reached for trial, and more than seventeen months after the issues had been made up. It was discretionary with the court to allow the pleas to be filed at a date so late in the progress of the cause, and we cannot say that, under the circumstances, there was any abuse of discretion in denying the application. (*Brown* v. *Booth,* 66 Ill. 419; *Milliken* v. *Jones,* 77 id. 372; *Fisher* v. *Greene,* 95 id. 94; *C. & E. I. R. R. Co.* v. *O'Connor,* 119 id. 586).

One of the alleged facts, which it was proposed to plead, was that the recovery was based upon a fraudulent and collusive divorce, "obtained by collusion and agreement between the plaintiff and deceased." The general rule is, that the judgment of a State court may not be impeached collaterally in a court of another State on the ground of fraud, unless fraud in procuring it could be set up as a defense in the State where it was rendered. (*Ambler* v. *Whipple,* 139 Ill. 311). It is very clear that, if Barnum Blake had been alive, he could not set up as a defense to the present action, that the decree of divorce from his wife had been obtained by collusion with her, nor could he have urged such alleged collusion in the courts of Wisconsin as a reason for setting aside the decree there. This is true upon the well settled principle, that, in a court of justice, a man cannot complain of a wrong done by himself, or of another's wrong in which he was a partaker. He cannot attack a decree of divorce upon the ground that it was obtained through a fraud committed by himself. (*Prud-*

*ham* v. *Phillips,* 2 Amb. 763; *Allen* v. *MacLellan,* 12 Pa. 328; *Greene* v. *Greene,* 2 Gray, 361; *Simons* v. *Simons,* 47 Mich. 253; *Adams* v. *Adams,* 51 N. H. 388; *Ruger* v. *Heckel,* 85 N. Y. 483; *Coddington* v. *Coddington,* 10 Abb. Pr. (N. Y.) 450; *Miltimore* v. *Miltimore,* 40 Pa. St. 151; 2 Bishop on Mar., Div. and Sep. secs. 1548, 1563; 5 Am. and Eng. Enc. of Law, pages 844, 845). We do not see why such a defense is not as much forbidden to the administrator of Blake, as it would have been to Blake himself. The administrator is a mere representative of the deceased, a privy in representation. (*McIntyre* v. *Sholty,* 139 Ill. 171). As a general rule, no judgment can be impeached for fraud by a party or privy to it. (2 Freeman on Judgts. secs. 334, 336; *Atkinsons* v. *Allen,* 12 Vt. 619; *Baugh* v. *Baugh,* 37 Mich. 59). "The parties to an action, and the persons in privity with them, cannot collaterally attack or impeach a judgment for fraud." (2 Freeman on Judgts. sec. 336). If the defendant in a divorce decree cannot attack it because it was obtained by his own fraud, it  would seem to be true that his administrator could not attack it because of such fraud. If he cannot take advantage of his own wrong in his life time for the purpose of saving his estate from liability, his representative after his death ought not to be allowed to save his estate from liability by taking advantage of that same wrong.

The only other matters proposed to be pleaded were, that the judgment sued upon was rendered in a divorce proceeding, and was not final, nor enforcible without the limits of Wisconsin, and was uncertain, and that a proceeding was pending for its modification. All these matters appeared upon the face of the record evidence which was introduced, and the questions arising out of them were taken advantage of by the defendant, and heard, and considered by the court. (*Milliken* v. *Jones, supra.*

*Sixth,* It is contended, finally, that the writ of attachment in this case abated upon the death of Barnum Blake. It was

held in *Davis* v. *Shapleigh*, 19 Ill. 386, that an attachment proceeding does not abate by the death of the defendant. An examination of that case will show, that the language of the eighth section of the Abatement Law and of the seventh section of the Attachment Law, as those laws then existed, authorized the conclusion there reached, independently of the thirty-fifth section of the then existing attachment law. Said eighth section of the Abatement Act of 1845 is substantially the same as the eleventh section of the present Abatement Act, and said seventh section of the Attachment Act of 1845 is substantially the same as the third section of the present Attachment Act. (Gross' Stat. of 1871, chap. 1, sec. 8, page 2, and chap. 9, sec. 9, page 32; 1 Starr & Cur. Ann. Stat. chap. 1, sec. 11, page 183, and chap. 14, sec. 3, page 311; *Rauh* v. *Ritchie*, 1 Brad. 188). We think that the decision in the *Shapleigh* case is applicable to the language of the statutes as they now exist, and that the sixth objection of plaintiff in error is not well taken.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*