## Peter M. Smith v. Mary J. Devlin, Administratrix.

### Gen. No. 12,562.

1. GENERAL ISSUE—*what plea of, controverts.* The plea of the general issue puts in issue the question of the ownership of the horses and the relation of master to the driver alleged in the declaration.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the HON. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 26, 1906.

CHARLES E. MILROY, for appellant.

ROGERS & MAHONEY and CHILTON P. WILSON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $1000, recovered by the plaintiff, as administratrix, in an action for negligently causing the death of plaintiff's intestate. The different counts of the declaration alleged that deceased was riding at the instance of defendant, in a carriage drawn by horses, for a reward to be paid to the defendant, which horses and carriage were in the possession of defendant by his servant; that the horses were wild and unsafe for the then use by the defendant and he was careless in that behalf; that defendant's servant stopped said horses and negligently released and lost control over the reins; that the horses became frightened and by reason of such negligence ran away with said carriage in which deceased was; that deceased with due care and to avoid injury jumped from the carriage, was injured as the result of the negligence of defendant's servant, from which injuries she died, etc.

The defendant filed a plea of not guilty and also two special pleas.

The first special plea averred that the defendant did not furnish, order, control, have possession of, or any connection with said horses, carriage or driver.

Smith v. Devlin.

The second plea averred that defendant did not undertake to furnish, operate or have control of said horses, carriage or driver.

A demurrer to both special pleas was sustained; the defendant elected to stand by said pleas and insists that the court erred in sustaining the demurrer thereto. In McNulta v. Lockridge, 137 Ill. 270, plaintiff's intestate, in attempting to cross the track of the Wabash Railway Company, was struck by an engine and killed. In an action for causing his death, brought by his administrator against McNulta, receiver of the Wabash Company, the declaration set out the appointment of McNulta as receiver of said company, and alleged that at the time, etc., he was in possession of and operating said railroad as such receiver.

In Pennsylvania Company v. Chapman, 220 Ill. 428, the declaration alleged that the Pennsylvania Company, the defendant, "operated the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company," and that plaintiff was injured while the defendant was thus operating the road. In such case there was only the plea of not guilty. In the latter case it was said, p. 431: "In the case of McNulta v. Lockridge, 137 Ill. 270, we decided that the general issue alone does not put in issue either the character in which the plaintiff sues or the character or capacity in which the defendant is sued. In this case the appellant, by filing only the general issue, impliedly conceded that at the time of the alleged injury it was operating the particular line of road mentioned in the declaration, and that the operators in charge of the trains were its servants and employees."

The distinction between the cases above cited and the present case is plain. The defendant McNulta, it was alleged, was operating the Wabash Railroad as receiver, the deceased was killed by an engine of that company, and it was held that the plea of not guilty impliedly admitted that the defendant was operating said railroad as such receiver. The Pennsylvania Company, it was alleged, was operating a certain railroad on which plaintiff was injured by the P., C., C. & St. L. Ry. Co., and it was held that the

plea of not guilty impliedly admitted that defendant was operating said railroad by said company.

Here there is no question as to the character or capacity in which the defendant was sued. The cause of action alleged is against the defendant, for the negligence of his servant under such circumstances as to make the negligence of his servant the negligence of the master.

The plea of not guilty, we think, put in issue the averments of the declaration, that the defendant furnished, etc., the carriage, etc., and that he undertook to furnish and operate the same, and the court did not err in sustaining the demurrer to the special pleas.

The evidence, in our opinion, is sufficient to warrant and support a finding by the jury that the defendant was carrying on a livery stable in Chicago; that the deceased sent to him for a carriage; that not having a carriage to send to her, he telephoned to Redmond, another livery stable keeper, for a carriage, and Redmond sent a carriage, team and driver to defendant's stable; that defendant then sent this carriage, team and driver to the deceased in pursuance of her request, and that the transaction amounted to a hiring of the carriage, team and driver by the defendant to the deceased. When the defendant undertook to furnish to the deceased a carriage, team and driver, and sent to her a carriage, team and driver, such carriage, team and driver became, *pro hac vice*, the team, carriage and driver of the defendant, and his duty and liability in respect thereto were not affected by the fact that he had borrowed or hired said carriage, team and driver from Redmond for the purpose of furnishing the same to the deceased.

The evidence is also, in our opinion, sufficient to warrant and support the finding of the jury, implied from the verdict, that the driver of the team was guilty of negligence, and that by reason of such negligence the team ran away. While the horses were running, with no driver upon the carriage, the deceased jumped from the carriage. We think that the question whether in so jumping from the carriage the deceased was guilty of negligence, was a question of

fact for the jury, upon which the verdict is conclusive against the defendant.

Appellant further insists that the evidence does not show that the injuries the deceased received in jumping from the carriage caused her death, but that the negligent and imprudent conduct of the deceased after the injury aggravated the condition that the injury caused and produced. These questions also were, in our opinion, upon the evidence, questions of fact for the jury upon which their verdict must be held conclusive.

Some of the instructions given for the plaintiff are subject to criticism, but taking the instructions together the jury were fairly and fully instructed as to the law of the case.

The judgment of the Superior Court will be affirmed.

*Affirmed.*