### John Clark, Appellee, v. Wisconsin Central Railway Company, Appellant.

### Gen. No. 16,936.

1. PLEADING—*general issue.* In an action for personal injuries received when an agent of defendant railway company propelled a railroad velocipede against plaintiff, the ownership and operation of such velocipede is not in issue under the general issue.

2. EVIDENCE—*concerning matter not issue.* Where the ownership and operation by a railway company of a railroad velocipede which caused injuries to plaintiff is not in issue under a plea of the general issue, evidence in relation thereto is immaterial and is properly excluded.

3. PLEADING—*when discretion not abused by denial of permission to file special pleas.* It is not an abuse of discretion to deny motion for leave to file special pleas denying ownership and operation of the instrumentalities which caused plaintiff's injuries, where the motion is made at the trial had after the expiration of the two-year limitation period and process was served on defendant more than one year and eight months before the expiration of such period.

BROWN, J., dissenting.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 4, 1913.

HINER, BUNCH & LATIMER and W. A. HAYES, for appellant.

P. R. BARNES, I. W. BAKER and C. E. HECKLER, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The appellee recovered a judgment of twelve hundred dollars against the appellant in an action for personal injuries. The declaration consisted of two counts. The first count alleged, quoting from the appellant's brief, "that on October 7, 1907, the defendant was operating a steam railroad through Cook County and that Fred Tollinger was its station agent at the station known as McKinley in said county, and that on said day plaintiff was driving a one-horse vehicle eastward on an east and west highway in said county, about a mile south of McKinley station, at the intersection thereof with defendant's railroad, and was in the exercise of ordinary care for his own safety; and that the defendant through its employee Fred Tollinger negligently propelled a railroad velocipede southward into and against plaintiff's vehicle." " * * * The second count is substantially the same, with the additional averment that Tollinger was in the custom and habit of propelling said railroad velocipede along defendant's railroad rails and that the defendant allowed and permitted such use of its railroad rails;" and that by reason thereof appellee suffered certain injuries and damages.

The said Tollinger was made a party defendant. He filed a plea of the general issue and also a special plea, averring that he had caused the appellee's carriage to

be repaired in full satisfaction and discharge of the grievances mentioned in the declaration as to the said Tollinger. The appellant pleaded the general issue.

The accident occurred on October 7, 1907. The suit was begun January 16, 1908, and service of process therein had upon the appellant January 17, 1908. The trial was before the court and jury March 9th and 10th, 1910. On the trial, on the motion of the appellee, the cause was dismissed as to Tollinger. The appellee, in his testimony, denied the averments made in Tollinger's said special plea.

The appellant defended on the ground that ''At the time of the collision Tollinger was not acting within the scope of his employment, and his employer is not liable for damages resulting from such collision,'' and offered evidence tending to show that it did not own the said railroad velocipede and did not permit its use upon the said tracks, and that at the time in question Tollinger was not on duty; all of which the court excluded as not being admissible under the general issue. Thereupon the appellant moved for leave to file a special plea denying that it owned, operated or controlled the said velocipede at the time in question, and averring therein that it was the property of the said Tollinger. The court denied said motion, with the result that the appellant was not able to avail itself of the said defenses; and it is here urged that for the erroneous rulings of the court therein the judgment should be reversed and the cause remanded.

In Chicago Union Traction Co. v. Jerka, 227 Ill. 95, the court say: ''The plea of not guilty did not put in issue the ownership of the street car line or the cars operated thereon.'' In Pell v. Joliet, P. & A. R. Co., 238 Ill. 510, the court say: ''The plea of the general issue did not put in issue the ownership of the track or the control of the cars, and the defendant was required to plead the same specially.'' In Brunhild v. Chicago Union Traction Co., 239 Ill. 621, the court say: ''Appellant contends that under its plea of not guilty

the ownership and operation of the instrumentalities that caused the injury were in issue. This court has several times ruled to the contrary.'' Many authorities are cited in each of the said cases in support of the said rule there announced. Under the general issue in the case at bar, the ownership and operation of the instrumentalities that caused the injury were not in issue. Not being in issue, the evidence offered in relation thereto was immaterial and the trial court properly excluded same.

The contention that the trial court erred in denying the appellant's motion for leave to file the said special plea during the trial of the case should not be sustained. From the time of service of process upon the appellant to the expiration of the two-year limitation period, October 7, 1909, was over one year and eight months. That this was much more than ample time to obtain leave to file a special plea is not subject to argument. In Dow v. Blake, 148 Ill. 76, the court say: ''The application (for leave to file additional pleas) was made only three days before the cause was reached for trial, and more than seventeen months after the issues had been made up. It was discretionary with the court to allow the pleas to be filed at a date so late in the progress of the cause, and we cannot say that, under the circumstances, there was any abuse of discretion in denying the application. Brown v. Booth, 66 Ill. 419; Millikin v. Jones, 77 Ill. 372; Fisher v. Greene, 95 Ill. 94; Chicago & E. I. R. Co. v. O'Connor, 119 Ill. 586.'' We do not think, under the circumstances, that the trial court abused its discretion in denying the said motion.

We think the statement of the Supreme Court in the Jerka case, *supra,* pertinent to the questions here urged by the appellant, and we quote the same:

''Whether the rule above laid down is in strict accord with the principles of common law pleading as they existed prior to the adoption of the rule of the court of the Hilary term, 1834, is a matter of little

practical concern, since the rule of *stare decisis* requires us to enforce the law as we find it, unless considerations of a very controlling character were presented which would justify us in overruling the previous decisions of this court and again laying the foundations of law anew. We see no hardship in requiring a defendant in a case of this character to plead specially that it was not the owner or in possession or operation of the property or instrumentalities which have caused the injury. The enforcement of this rule will, in our opinion, promote the ends of justice. If a plaintiff is afforded timely notice by a special plea that the want of ownership is relied upon as a defense, the plaintiff will have an opportunity of making investigation, and if he ascertains that he has sued the wrong party, he may, before the Statute of Limitations becomes a defense, bring his suit against the party that is, in fact, liable. We cannot imagine a case where the rule established by the decisions of this court can work any hardship on defendants. We see no reason for departing from the previous holdings of this court upon this question.''

The judgment is affirmed.

*Affirmed.*

Mr. Justice Brown, dissenting.

I think this judgment should be reversed and the cause remanded. I think that the evidence offered by the defendant company for the purpose of showing that it did not own or control or even give permission for the use on its tracks of the tricycle which did the damage, and that Tollinger was not acting within the scope of his employment for the railroad company at the time the accident happened, but was off duty, was admissible under the pleadings as they stood, and ought not to have been excluded.

If the court below was right in excluding it, however, then I believe that it was an abuse of discretion to

refuse permission to file the additional plea which appellant desired to file on the trial.

There is nothing to say against the justice and expediency of the rule often announced by the Supreme Court, that where the general issue only is pleaded and neither plaintiff nor defendant introduces or offers any evidence on the subject of the defendant's being the owner and operator of a railroad or train or other agency which does damage, such ownership and operation will be considered as impliedly conceded by the pleadings; but this is a very different thing from saying that evidence should be excluded offered by the defendant under the general issue, to the effect that the defendant had nothing to do with the agency or agent doing the damage because neither the owner of the one nor the employer of the other at the time the accident happened. This court in Chicago Union Traction Co. v. Lundahl, 117 Ill. App. 220, speaking through the present writer, alluded to this difference, and through Mr. Justice Baker the Branch Appellate Court did the same in Smith v. Devlin; 127 Ill. App. 492; so also did the Appellate Court for the Third District in Cincinnati, H. & D. R. Co. v. Goodson, 101 Ill. App. 123.

In the case at bar the plaintiff said, in his declaration, that the defendant permitted its agent and employee to drive a railroad velocipede over its tracks into his carriage and injured him. I hardly see how the defendant could more specifically deny it than to say it was not guilty. Having said that, I think it ought to be allowed to show, if it could, that it had nothing to do, at the time of the accident, with the man or velocipede that plaintiff proved ran into him. A railroad velocipede is not like the rolling stock of a railroad and the road itself, in the necessary possession and control of the person or corporation operating the road. It was not "inducement," but the material gist of the declaration that Tollinger was the agent of the defendant and allowed by it to use its tracks on a velocipede. There was no allegation of the ownership of

the machine, but the evidence of ownership was material on the question of permission.

If the defendant had proceeded to attempt only to show that the accident never took place, or that the plaintiff was contributorily negligent, and offered no evidence as to the ownership or permission to use the velocipede, or as to the agency or employment of the defendant, perhaps even if it had attempted to deny the ownership of the railroad, a similar case would have been presented to those relied on by the appellee; McNulta v. Lockridge, 137 Ill. 270, and Chicago Union Traction Co. v. Jerka, 227 Ill. 95, for example. I do not think the present case is similar to or controlled by them.

Of course the question of whether it was an abuse of discretion, under the circumstances, to deny the defendant an opportunity of filing a special plea, is one on which opinions may very widely differ, but it seems to me that it was.