JARVIS vs. ROBINSON and another.

*Pleading, in action on judgment in another state.*

1. In an action upon a judgment rendered in another state, if the complaint shows that the court by which the judgment was rendered was one of general jurisdiction, it need not allege any jurisdictional facts.

2. If the court in fact failed to get jurisdiction to render such judgment, that fact must be pleaded by the defendant; unless it appears positively from the record, in which case objection may be taken to the reading of the record in evidence.

3. The allegation in this case was, that the judgment was rendered by "the circuit court of Kent county, state of Michigan." *Held*, that this court will take judicial notice of the fact that the circuit courts in the states of this union are courts of general jurisdiction. DOWNER, J., dissents.

APPEAL from the Circuit Court for *Milwaukee* County.

Action founded upon a judgment which, it is alleged, "plaintiff recovered against" the defendants "in the circuit court of Kent county, state of Michigan, [stating the amount], in an action in said court wherein the plaintiff was plaintiff, and said defendants were defendants;" which judgment has not been paid, &c. No facts are averred in the complaint to show that said court had jurisdiction to render such judgment. The defendants appealed from an order overruling a demurrer to the complaint as not stating a cause of action.

*G. McWhorter*, for appellants, argued, 1. That the complaint should aver either that the court was one of general jurisdiction, or that its jurisdiction, if limited, extended to the cause of action for which the judgment was recovered. *McLaughlin v. Nichols*, 13 Abb., 244; 17 Abb., 297. The jurisdiction of the circuit courts of Michigan depends on the statutes of that state, of which this court will take notice only when they are pleaded and proven. 13 Abb., 244; 1 Denio, 367; 1 Seld., 447; 10 Wend., 75; 6 id., 475. 2. That whether the court was one of general or special jurisdiction, *jurisdiction of the person* should have been alleged. 1 Abbott's Forms, 332, 334; 7 Bosw., 150; 10 How. Pr. R., 532; 3 Abb., 23.

*Carter & Davis*, contra, cited *Wheeler v. Raymond*, 8 Cow., 311; *Foot v. Stevens*, 17 Wend.. 483; *Bissell v. Wheelock*, 11 Cush., 279; *McLaughlin v. Nichols*, 13 Abb., 244. It will be presumed that the laws of Michigan organizing the circuit courts of that state, are like our own. *Rape v. Heaton*, 9 Wis., 328; *Walsh v. Dart*, 12 id., 638.

DIXON, C. J.   If " the circuit court of Kent county, state of
Michigan," was a court of general jurisdiction, and if that fact
were alleged, the complaint would no doubt be sufficient.   As
to courts of general jurisdiction, proceeding according to the
course of the common law in any of the United States, juris-
diction of the person of the defendant and subject matter of
the suit is presumed, and need not be averred in an action upon
the judgment; though the contrary seems to have been errone-
ously held in some cases.   "In pleading the judgments of
courts of limited jurisdiction," says SAVAGE, C. J., speaking of
judgments rendered in the courts of other states, in *Wheeler v.
Raymond,* 8 Cow., 314, "it is necessary to state the facts upon
which the jurisdiction of such courts is founded ; but with re-
spect to courts of general jurisdiction, such averments are not
necessary; and if there was a want of jurisdiction, that fact
should come from the other side.   That fact may be replied
in certain cases; but it is now well settled, that the judgments
of the courts in the several states have the like effect in all the
states, which they have in the state where the judgment is
rendered (7 Cranch, 484), provided the defendant in the suit
be served with process, or appear and defend.   (15 Johns.,
144)."   And speaking also of the judgment of a court of a
neighboring state, SUTHERLAND, J., says, in *Shumway v. Still-
man,* 4 Cow., 296: "Every presumption is in favor of the
jurisdiction of the court.   The record is *prima facie* evidence
of it; and will be held conclusive until clearly and explicitly
disproved."   The rule of pleading given by Chief Justice SAV-
AGE is illustrated by the pleadings in the latter case, and in
numerous others.   If there is any want of jurisdiction in the
court, it is a matter to be set up in defense by plea or answer,
unless the fact that the court acted without jurisdiction should
be affirmatively shown by the record, in which case the de-
fendant may object to its being received in evidence.   See
*Shumway v. Stillman,* 6 Wend., 447 ; *Harrod v. Barretto,* 1 Hall,

155; *Long v. Long*, 1 Hill, 597; *Smith v. Rhoades*, 1 Day, 168; *Aldrich v. Kinney*, 4 Conn., 380; *Hall v. Williams*, 6 Pick., 232; and *Foot v. Stevens*, 17 Wend., 483. But is this case the complaint does not in terms allege that the circuit court of Kent county was a court of general jusrisdiction. The allegation is in the language above quoted; and the question is, whether that is sufficient to show it was such a court. The Messrs. Abbott, in the notes to their book of practice and pleading under the code (Vol. 1, p. 334, note 1), are of opinion that such allegation is only necessary in the case of a court whose title indicates that it may be one of limited jurisdiction, and refer to the case of *Foot v. Stevens*, above cited. I am strongly inclined to the same opinion. I think, where the title clearly indicates a court of general jurisdiction, it must be so understood, and is equivalent in pleading to an express averment to that effect. Such is the title here. We all know that the circuit courts of the several states are courts of general jurisdiction, as well as we know that courts of justice of the peace are not; and why should judges assume a degree of ignorance on the bench, which would be unpardonable in them when off of it? It is at most but a question of the degree of certainty required in the statement. I think the statement is practically clear and certain enough as it is. If it is denied, the plaintiff will then be required to establish on the trial the facts showing the jurisdiction of the court in which the judgment was rendered. Suppose it was an action upon a judgment of the supreme court of the state of Michigan, and its general jurisdiction not expressly averred, would it not be implied from the very name of the court? And would it not seem extremely absurd for this court to ignore the jurisdiction of a court whose general powers we are in the constant habit of recognizing by quoting its decisions as authority upon all general questions of the common law? It certainly would seem so to me; and yet, if we ignore the general jurisdiction of the

circuit court in this case, as indicated by its name, we would be obliged to ignore that of the supreme court in the case supposed; for the jurisdiction of the one, as shown by its title, is scarcely less certain than that of the other. I think the complaint sufficient, and that the demurrer was properly overruled by the circuit court.

In *Archer v. Romaine*, 14 Wis., 375, this court inferred that the marine court of the city of New York was a court of special jurisdiction, from the fact that the complaint alleged that the judgment was "duly given" in that court, so as to bring the case within the provisions of sec. 23, ch. 125, R. S. The jurisdiction of the marine court, whether special or general, was not alleged. I think the fact that it was not a court of general jurisdiction was properly assumed from its name.

*By the Court.*—Order affirmed.

DOWNER, J., dissents.