Kunze vs. Kunze.

═══════════

KUNZE, Appellant, vs. KUNZE, Respondent.

*September 5 — September 22, 1896.*

*Foreign judgment: Pleading: Jurisdiction: Decree for payment of alimony: Enforcement in another state.*

1. In an action upon a judgment recovered in another state a complaint showing that such judgment was rendered by a court of general jurisdiction and was afterwards duly amended therein need not allege jurisdictional facts, the want of jurisdiction being a matter to be set up by answer.

2. A divorce judgment which decrees the payment of a specific sum absolutely as alimony, and which, in the state where rendered, has the effect of a judgment at law for the payment of money, may be enforced by an action at law in another state. *Barber v. Barber*, 2 Pin. 297, and *Guenther v. Jacobs*, 44 Wis. 354, distinguished.

APPEAL from an order of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Reversed.*

The complaint in this action is as follows:

"That, at the times hereinafter mentioned, the circuit court in and for the county of Cook, in the state of Illinois, was a court of general jurisdiction over matters in equity and law, duly created and organized by the laws of that state.

"That on the 5th day of November, 1890, the said plaintiff commenced an action for divorce in said court against the said defendant. That the said defendant was duly served with process therein, and on the 18th day of November, 1890, appeared in said action, and submitted himself personally to the jurisdiction of the court.

"That thereafter such proceedings were had therein in said court that on the 8th day of January, 1891, a decree was duly made, entered, enrolled, and docketed in said court dissolving the bands of matrimony between this plaintiff and the said defendant; and thereafter, on the 3d day of February, 1894, by the consideration and judgment of said court, the said decree was duly amended by adding thereto and making a part thereof a provision and clause that said defendant pay to this plaintiff alimony to the amount of fifteen hundred dollars ($1,500), with fifty dollars ($50) in addition thereto as solicitors' fees; and that such money should be so paid within three days thereafter, and should stand, when paid, as a satisfaction in full for all claim for alimony and solicitors' fees on the part of this complainant. And the said plaintiff avers that no part of such sums of money have been paid.

"Complaining further, the said plaintiff avers: That under and by virtue of the provisions of the Revised Statutes of the State of Illinois of 1874, chapter 22, entitled 'Chancery,' and chapter 40, entitled 'Divorce,' such decree, as amended, so entered as aforesaid, has the force and effect of a judg-

ment at law for the payment of money. That such is the construction thereof, and the force and effect to be given to the same, has been adjudicated and determined by the supreme court of said state, and such is the law of said state.

"That, by reason thereof, this plaintiff is advised and believes that, under and by virtue of the constitution of the United States, section 1, article IV, she hath a good right to maintain her cause of action aforesaid in the courts of the state of Wisconsin, to have and recover of the said defendant the said sums of money so awarded to her as aforesaid, and that the said courts will give the same force and effect to said decree so above stated as is given thereto in the state of Illinois.

"Wherefore, the plaintiff demands judgment for the said sum of fifteen hundred and fifty dollars ($1,550), so awarded, decreed, and adjudged to her as aforesaid, with interest thereon from and after the 3d day of February, 1894, together with the costs of this action."

To this complaint the defendant demurred generally, and on the ground of want of jurisdiction of the person of the defendant and of the subject of the action. From an order sustaining the demurrer the plaintiff appealed.

*E. Blewett,* for the appellant, argued, among other things, that an action of debt will lie in the courts of law of one state upon a decree in equity, rendered in another state, when such decree directs the payment of a specific sum of money. *Moore v. Adie's Adm'r,* 18 Ohio, 430; *Pennington v. Gibson,* 16 How. 65; *Nations v. Johnson,* 24 id. 203; *Warren v. McCarty,* 25 Ill. 95; Black, Judgments, § 962; *Dow v. Blake,* 148 Ill. 76, 87; *Barber v. Barber,* 21 How. 582; *Allen v. Allen,* 100 Mass. 373; *Stewart v. Stewart,* 27 W. Va. 167; *Rigney v. Rigney,* 23 Abb. N. C. 212. Where a decree awards a sum of money in gross as alimony, it will be held to be in full discharge and satisfaction of all future claims of the wife to a future support; and the provision of the

statute authorizing the courts to make alterations from time to time in the allowance of alimony, is applicable only to cases where the same is stipendiary. *Plaster v. Plaster*, 47 Ill. 290; *Dinet v. Eigenmann*, 80 id. 274; *Dow v. Blake*, 148 id. 76, 86.

For the respondent there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory*. To the point that an action at law will not lie in one state upon a judgment for alimony rendered in another state, they cited *Van Buskirk v. Mulock*, 18 N. J. Law, 184; *Elliott v. Ray*, 2 Blackf. 31; *Barber v. Barber*, 2 Pin. 297; 2 Bishop, Marriage & Div. § 499; *Allen v. Allen*, 100 Mass. 373; *Guenther v. Jacobs*, 44 Wis. 354, and cases cited.

WINSLOW, J. This is an action brought to recover alimony adjudged to the plaintiff in a divorce action heretofore brought in Illinois. It appears by the complaint that the court in which the divorce action was brought — i. e. the circuit court of Cook county, Illinois — was a court of general jurisdiction, as its name indicates; hence it was unnecessary to allege any jurisdictional facts. *Jarvis v. Robinson*, 21 Wis. 523. The allegation that the judgment was rendered in that court, and that it was afterwards duly amended, are sufficient in the first instance. From these facts jurisdiction is presumed. If in fact there was any want of jurisdiction, it is a fact to be set up by answer. *Jarvis v. Robinson, supra.*

It is further alleged in the complaint by apt averments that, by the laws of Illinois, the amended decree for the payment of alimony has the force and effect within that state of a judgment at law for the payment of money. If such be its force and effect, we see no reason why an action at law for its recovery may not be maintained in this state. It is quite well established that an action at law lies on a final decree of a court of equity of another state for the payment

of a specific sum of money. *Moore v. Adie's Adm'r*, 18 Ohio, 430; *Pennington v. Gibson*, 16 How. 65; *Allen v. Allen*, 100 Mass. 373; Black, Judgments, § 962, and cases cited. If a divorce judgment decree the payment of a specific sum absolutely as alimony, and if (as alleged in this case) such decree has the effect in that state of a judgment at law for the payment of money, there seems no reason why such a decree may not be enforced by action at law in another state. *Dow v. Blake*, 148 Ill. 76; *Barber v. Barber*, 21 How. 582; *Allen v. Allen, supra*. This doctrine is not contrary to the principle stated in *Barber v. Barber*, 2 Pin. 297, where an action at law was held not to lie to enforce payment of certain instalments of a New York decree for alimony. That ruling was based expressly on the fact that, under the law of New York, the decree was temporary only, and not an absolute decree for the payment of a sum certain, and had not the effect of a judgment at law. Nor is there anything in the decision of the case of *Guenther v. Jacobs*, 44 Wis. 354, which conflicts with the position here taken.

*By the Court.*— Order reversed, and action remanded for further proceedings according to law.

