# DAVIS v. DAVIS.*

DECREES; ESTOPPEL; CONSTITUTIONAL LAW; ALIMONY; EXECUTION; APPEALS.

1. *Quære,* whether, after a foreign decree of divorce has been obtained by the wife, the husband is estopped, by the recital of a decree passed here on a bill by him to obtain the custody of their child, that the foreign decree is valid, to thereafter assert its invalidity.

2. The decree of a State court having jurisdiction of the subject-matter and parties, awarding divorce, and, incidentally, alimony, is entitled to the same faith and credit in other States that it has in the State where rendered; and an unconditional and final award of alimony, when the same remains unpaid, may be enforced by appropriate proceedings in other States.

3. An unpaid unconditional decree for the payment of an ascertained and specific sum as alimony is enforceable, like ordinary decrees, in an action of debt thereon as if it were a judgment at law for a like sum in an action of debt or assumpsit.

4. A decree rendered here for the payment of a specific sum as alimony is regarded as an order to pay money out of funds or property in the hands of the husband, and not as an ordinary decree for money due by way of debt, and therefore, although execution may also issue, it is enforceable by attachment, as all decrees in equity formerly were. (Following *Tolman* v. *Leonard,* 6 App. D. C. 224.)

5. *Quære,* whether a court of equity here would have the power to enforce, by attachment of the person of the defaulting defendant, a decree for alimony of another State where such a procedure prevails.

6. A bill in equity by a woman against her former husband to enforce the

---

*Foreign Divorce—Impeachment.*—The questions arising on the impeachment of a decree of divorce granted in a foreign state are discussed and the American and English authorities presented in a note to *Benton's Succession,* 59 L.R.A. 135, dealing with the general subject of conflict of laws relating to divorce.

provision of a foreign decree of divorce awarding her a definite and ascertained sum as alimony is demurrable on the ground that she has an adequate remedy at law by an action of debt on the decree.

7. Where a demurrer to a bill in equity, upon the ground that the complainant had an adequate remedy at law, was overruled, and, upon a hearing upon the merits, a decree dismissing the bill was passed, from which an appeal was taken, this court, holding that the demurrer should have been sustained, modified the decree appealed from, so as to show that the dismissal was for want of jurisdiction, without prejudice to the complainant to sue at law, and, as so modified, affirmed the decree.

No. 1686.  Submitted February 13, 1907.  Decided March 5, 1907.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity to enforce the decree of a foreign court awarding alimony.                                   *Modified and affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, Lucy M. Davis, filed her bill in the supreme court of the District to recover the sum of $300 awarded her under a decree of the district court of Shawnee county in the State of Kansas.  It alleges that she brought her suit for divorce from Frank F. Davis [the appellee] in said court October 18, 1901, and on October 31, 1901, obtained a decree granting her an absolute divorce, the custody of a minor child, and awarding her the sum of $300 as alimony; that the decree was final, and the said sum of $300 has never been paid by the defendant.  It is further alleged that on August 25, 1902, said Frank F. Davis filed a bill against the complainant, in the supreme court of the District of Columbia, for the purpose of vacating said decree of the Kansas court because of the want of jurisdiction in said court.  That on June 24, 1904, a decree was rendered declaring the decree of the Kansas court to be a valid and subsisting one; and no appeal was taken therefrom.  The prayer of the bill is for the execution of said decree of the Kansas court, and that

complainant have execution as at law for the said sum of $300 with interest.

The petition on which the Kansas court rendered its decree alleged that plaintiff had been a resident of the State of Kansas for more than.one year last past. The marriage was alleged to have occurred in the District of Columbia on July 11, 1894. The decree, a part of the exhibit to the bill, recites an appearance for the defendant in the case, and that plaintiff had been a resident of Kansas, as alleged. The substance of the decree has been stated in the recital of the contents of the bill. The defendant, Frank F. Davis, demurred to the bill for want of jurisdiction in equity, because it showed that complainant has a plain, adequate, and complete remedy at law. The demurrer having been overruled, defendant filed an answer. He set out the statute of Kansas relating to the granting of divorces, which requires that the plaintiff in such an action must be an actual resident, in good .faith, of the State for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the, time the petition is filed. It is then alleged that the court had no jurisdiction of the action for divorce, because on April 7, 1900, both parties took up permanent residence in the District of Columbia, and the plaintiff was not a resident of Kansas at the time of filing said petition, and had not been such resident for the year next before the same.

It is further alleged that both parties continuously since April 7, 1900, have been residents of the said District, where their permanent home had been established and maintained; and that. plaintiff never returned to Kansas to live, and only visited said State for the purpose of testifying in said suit, and only remained long enough for that purpose. It is expressly denied that defendant filed the bill in the supreme court of the District of Columbia for the purpose of vacating the said Kansas decree. He alleges that his said bill recited the facts showing the actual residence of his said wife in the District of Columbia, and her nonresidence of Kansas; but that the sole purpose of the bill was to enjoin the defendant therein from taking the minor child from him and removing him from the jurisdiction. That the

prayers of his bill were for said injunction, and nothing more, but concluded with the prayer for general relief. It is alleged that said cause was never heard upon proofs, but at a conference between the friends of the parties it was represented that the further prosecution of the suit would be injurious to the defendant in said suit, and that he understood the decree would be passed awarding him the custody of said child. The decree in that case, given in evidence, is in the ordinary form; it awards the custody of the child to Frank F. Davis, and enjoins the mother from interfering therewith. The concluding paragraph is: "It further appearing to the court that the decree of divorce passed on December 18, 1901, by the district court of Shawnee county, State of Kansas, divorcing said Lucy M. Davis from said Frank F. Davis, is a valid and subsisting decree, it is hereby adjudged, ordered, and decreed that each of said parties hereto pay his or her respective costs in this case."

The bill of Frank F. Davis, which was offered in evidence, alleges the facts of nonresidence of the defendant in Kansas, and that the court of that State had no jurisdiction to render its decree. It is particularly directed to so much of said decree as awarded the custody of the child to defendant. It does not expressly seek to vacate the said decree, but to show its invalidity in so far as the custody of the child was thereby awarded; there is no prayer for relief beyond what has been before recited.

*Mr. James A. Cobb* and *Mr. Mason N. Richardson* for the appellant.

*Mr. Henry H. Glassie* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The testimony, in our opinion, shows clearly that Lucy M. Davis was not a resident of Shawnee county, Kansas, when she filed her petition for divorce in the district court thereof, and had not been an actual resident of the State of Kansas for one

year next before that. But being of the opinion, also, that the demurrer to the bill to enforce the decree rendered by the Kansas court ought to have been sustained for want of jurisdiction in equity, we shall not consider whether the said decree was a nullity by reason of the plaintiff's nonresidence; or, if so, whether the appellee is nevertheless estopped to assert its nullity, by reason of the decree of the supreme court of the District of Columbia in the proceeding by him to obtain the custody of his child.

The decree of the court of a State having jurisdiction of subject-matter and parties, awarding divorce and, incidentally, alimony, is entitled to the same faith and credit in other States that it has in the State where rendered; and an unconditional and final award of alimony, when the same remains unpaid, may be enforced by appropriate proceedings in other States. *Barber* v. *Barber,* 21 How. 591, 16 L. ed. 229; *Cheever* v. *Wilson,* 9 Wall. 109, 123, 19 L. ed. 604, 608. Whatever doubt there may have been formerly in respect of the right to maintain an action of debt upon a final decree in equity for a certain and specific sum of money has been set at rest by the Supreme Court of the United States in the following language: "We lay it down, therefore, as the general rule, that in every instance in which an action of debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity which is for an ascertained and specific amount, and nothing more; and that the record of the proceedings in the one case must be ranked with and responded to as of the same dignity and binding obligation with the record in the other." *Pennington* v. *Gibson,* 16 How. 65, 77, 14 L. ed. 847, 852.

It is the general doctrine that where the final decree for the payment of an ascertained and specific sum, as alimony, is unconditional and remains unpaid, it may be enforced, like ordinary decrees, in an action of debt thereon, as if it were a judgment at law for the recovery of a like sum in an action of debt or assumpsit. *Kunze* v. *Kunze,* 94 Wis. 54, 58, 59 Am. St. Rep. 857, 68 N. W. 391; *Dow* v. *Blake,* 148 Ill. 76, 39 Am. St.

Rep. 156, 35 N. E. 761; *Howard* v. *Howard,* 15 Mass. 196; *Slade* v. *Slade,* 106 Mass. 499, 500; *Harrison* v. *Harrison,* 20 Ala. 629, 56 Am. Dec. 227; *Hansford* v. *Van Auken,* 79 Ind. 302, 305; *Becknell* v. *Becknell,* 110 Ind. 42, 47, 10 N. E. 414; *McCracken* v. *Swartz,* 5 Or. 62; *Clark* v. *Clark,* 6 Watts & S. 85.

It is true that in many jurisdictions a decree ordering the payment of a specific sum as alimony is not regarded as an absolute debt in the strict sense that it can only be enforced by execution, as in the case of ordinary decrees or judgments for money. In this jurisdiction, it is regarded as an order to pay money out of funds or property in the hands of the husband, and not as an ordinary decree for money due by way of debt; hence, though execution may also issue, it is enforceable by attachment, as all decrees in equity formerly were. *Tolman* v. *Leonard,* 6 App. D. C. 224, 233. The ruling in that case applied to the enforcement of its own decree by a court of equity of the District of Columbia. That court, having control of the entire subject-matter, as well as of the parties, might, in its discretion, as it was said, change the amount of alimony awarded, even when in arrears, for good cause shown.

Whether a court of equity in this jurisdiction would have the power to enforce, by attachment of the person of the defaulting defendant, a decree of a court of another State where the like procedure prevails, is a question that we are not required to determine. It does not appear that such is the procedure in the State of Kansas, where the decree was rendered; and there is nothing in the recitals of the decree from which such procedure must be inferred to prevail. For all purposes of its enforcement in this jurisdiction, therefore, the award of alimony is to be regarded as a debt, merely, and enforceable only as such by execution as at law.

It is an unquestioned principle that equity has no jurisdiction in a case where the remedy at law is plain, adequate, and complete. The relations of the parties in this case, as former husband and wife, have been completely dissolved by the decree of divorce, and the complainant has the plain right to maintain

the action in her own name as a *feme sole.* There is nothing, then, in the relations of the parties, the subject-matter of the litigation, or the relief prayed or to be obtained, either to bring the case within the exclusive jurisdiction of equity, or to show that the remedy at law, by action of debt on the decree, is not plain, adequate, and complete.

The decisions of the Supreme Court of the United States, relied on by the appellant, are not applicable to the conditions of this case. *Barber* v. *Barber,* 21 How. 582, 16 L. ed. 226; *Cheever* v. *Wilson,* 9 Wall. 108, 19 L. ed. 604.

In *Barber* v. *Barber,* the jurisdiction in equity was maintained upon two grounds, neither of which exists here. The divorce was not absolute, but from bed and board, a mere judicial separation. Being still the wife of the defendant, she could not maintain an action against him at law, though she could acquire a different domicil, and was therefore compelled to sue in equity, as she did, through her next friend. The second ground of the jurisdiction was based on the jurisdiction of equity in England to enforce the decrees of alimony of the ecclesiastical courts. As said by Mr. Justice Wayne: "It is, that when a court of competent jurisdiction over the subject-matter and the parties decrees a divorce, and alimony to the wife as its incident, and is unable of itself to enforce the decree summarily upon the husband, that courts of equity will interfere to prevent the decree from being defeated by fraud." *Cheever* v. *Wilson,* in all its features, presented a case of undoubted jurisdiction in equity, and the question was not raised.

We remain of the opinion that the court erred in overruling the demurrer to the bill for want of jurisdiction in equity. As the final decree, however, dismissed the bill upon other grounds not herein considered, the decree of dismissal will be modified so as to show that it is for the want of jurisdiction, without prejudice to the right of the complainant to maintain an action at law, if so advised. So modified it is affirmed, with costs.

*Modified and affirmed.*