De Longe, Respondent, vs. Fischback, Appellant.

*March 13—April 8, 1913.*

*Foreign judgment: Alimony: Decree as to amount due: Enforcement in this state.*

Where an order or decree of a court of competent jurisdiction in another state, made in a contempt proceeding, adjudging that a certain sum is due from the defendant to the plaintiff for arrears of alimony, has the force and effect, under the laws of that state, of a judgment at law for the payment of money, an action at law for its recovery may be maintained in this state.

Appeal from an order of the circuit court for Milwaukee county: F. C. Eschweiler, Circuit Judge. *Affirmed.*

Action to recover $10,440 past-due alimony. The complaint alleges that on the 2d day of June, 1891, plaintiff secured a judgment of divorce from the defendant in a court of general and competent jurisdiction of the state of Illinois, to wit, the superior court of Cook county; that the defendant was duly served and appeared personally in the action; and that by said judgment plaintiff was awarded alimony in the sum of $10 per week, as shown by Exhibit A annexed to the complaint, but that no part thereof has been paid. The complaint further alleges:

"That thereafter, and on the 6th day of December, 1911, the said court of Illinois duly ordered and decreed that *Adele de Longe,* formerly *Adele Fischback,* and the plaintiff in the said divorce action hereinbefore referred to and commenced in said superior court of Cook county, Illinois, have leave to file her verified petition and that said *George Fischback* show cause why he should not be adjudged in contempt of court for failing to comply with the decree of said Illinois court entered in said cause of action on the 2d day of June, 1891, as aforesaid, as more fully appears from the verified copy hereto annexed, marked Exhibit B and made a part hereof with the same force and effect as though the same were embodied in full herein.

"Plaintiff further alleges that thereafter, to wit, on the 15th day of December, 1911, the said superior court of Cook county, Illinois, duly entered a decree wherein and whereby it was ordered, adjudged and decreed that there was due to the said plaintiff, *Adele de Longe,* formerly *Adele Fischback,* the sum of $10,440 in accordance with the said decree entered on the 2d day of June, 1891, as aforesaid, and as more fully appears from the certified copy of said decree hereto annexed, marked Exhibit C and made a part hereof with the same force and effect as though the same were embodied herein in full.

"Said plaintiff further alleges that under and by virtue of the provisions of the Revised Statutes of the state of Illinois of 1874, chapter 22, entitled 'Chancery,' and chapter 40, entitled 'Divorce,' such decree so entered as aforesaid and herein referred to as Exhibit C has the force and effect of a judgment at law for the payment of money. That such is the construction thereof and the force and effect to be given to the same as has been adjudicated and determined by the supreme court of said state of Illinois and such is the law of said state of Illinois.

"That by reason thereof, as plaintiff is advised and believes under and by virtue of the constitution of the United States, section 1, article IV, she hath a good right to maintain her cause of action aforesaid in the courts of the state of Wisconsin to have and recover of and from the said defendant the said sums of money so awarded to her as aforesaid, and that said courts will give the same force and effect to said decree as above stated as is given thereto in the state of Illinois."

The defendant demurred to the complaint on the ground, first, that the same does not state facts sufficient to constitute a cause of action; and second, that the action was not commenced within the time limited by law by sub. 1 of sec. 4221, Stats. The court overruled the demurrer, and from an order entered accordingly the defendant appealed.

*Rollin B. Mallory,* for the appellant.

For the respondent there was a brief by *O'Connor, Schmitz, Wild & Gross,* and oral argument by *A. J. Schmitz.*

VINJE, J.   Defendant's counsel announced upon the oral argument that he did not rely upon the second ground of demurrer, so it remains only to consider and determine whether or not the complaint states facts sufficient to constitute a cause of action.

Counsel argues that upon a proper construction of the action of the superior court of Cook county, as shown by its proceedings as a whole, the decree or order of 1911 does not constitute a final judgment for money; that while the decree declares that a certain sum is due from the defendant to the plaintiff for arrears for alimony, yet the whole trend and tenor of the court's action shows that it had the single object in view of determining whether the defendant was in contempt under the original divorce judgment of 1891, and, if he was so in contempt, to give him an opportunity to purge himself therefrom by the payment of whatever sum or sums the court still found due under the judgment, and that it was not the court's intention to render a new and independent money judgment against the defendant.   The proceeding in 1911, it is claimed, was simply and purely for contempt under the judgment and decree of 1891, as was shown by the order to show cause and by the fact that at the conclusion of the proceeding an order and not a judgment was entered.

In view of the allegations of the complaint hereinafter referred to as to the force and effect given to the order or decree of 1911 by the courts of Illinois, the argument of defendant's counsel is without force.   If the decree of December 15, 1911, is a final judgment which is not subject to change or modification by the court that entered it, then an action thereon may be maintained in the courts of this state.   *Kunze v. Kunze,* 94 Wis. 54, 68 N. W. 391; *Dow v. Blake,* 148 Ill. 76, 35 N. E. 761; *Page v. Page,* 189 Mass. 85, 75 N. E. 92; *Wells v. Wells,* 209 Mass. 282, 95 N. E. 845; *Lynde v. Lynde,* 181 U. S. 183, 21 Sup. Ct. 555; *Sistare v. Sistare,* 218 U. S. 1, 30 Sup. Ct. 682.   See note to same in 28 L. R.

A. N. S. 1068. That it is such a final decree in fact, seems quite well established by the above authorities, but in view of the allegations of the complaint it is not necessary to decide the question. The allegations of the complaint as to the effect given the decree of 1911 by the courts of Illinois are identical with the allegations of the complaint in *Kunze v. Kunze, supra,* and are, in substance, that such decree under the laws of Illinois has the force and effect of a judgment at law for the payment of money, and it was there held that if such a decree for the payment of alimony has the force and effect under the laws of Illinois of a judgment at law for the payment of money, an action at law for its recovery may be maintained in this state. The demurrer admits the allegations of the complaint as to the effect of the decree in Illinois, and the case is ruled by the decision in *Kunze v. Kunze, supra.*

*By the Court.*—Order affirmed.