MALLETTE, Respondent, vs. SCHEERER and another, imp., Appellants.

*November 15—December 5, 1916.*

*Divorce: Alimony: Judgment directing conveyance of land in another state: Enforcement in that state: Full faith and credit: Constitutional law: Fraudulent conveyances.*

1. A judgment of an Illinois court having jurisdiction of the subject matter of a divorce action and of the parties, both of whom were domiciled in that state, granting a divorce to the plaintiff wife, awarding alimony to her, "to be satisfied by the defendant by conveying to" her certain real estate in Wisconsin which he owned when the action was commenced, and directing that in default thereof execution issue therefor, is entitled, under sec. 1, art. IV, Const. of U. S., to full faith and credit in Wisconsin.

2. Where in such a case the defendant husband, by evading the processes of the Illinois court, prevented that court from enforcing its judgment and compelling him to convey the Wisconsin land to the plaintiff, and had fraudulently conveyed it, while the di-

vorce action was pending, to other persons, the wife is entitled
to relief in the Wisconsin courts by way of a judgment enforc-
ing the obligations of the Illinois judgment and, as incidental
thereto, setting aside the fraudulent conveyances and quieting
the title in her.

3. No objection to the enforcement of such a divorce judgment in the
courts of Wisconsin exists on the ground of conflict between the
policy of this state and that of Illinois in respect to the power
of the courts in such cases to determine and enforce a division
and distribution of the husband's estate,—the policies of the
two states being in accord on that subject.

APPEAL from an order of the circuit court for Waupaca
county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This action is brought to set aside, as null and void, cer-
tain conveyances of lands in Wisconsin, made to the defend-
ants *Allyne V. Scheerer* and *Hugo Scheerer,* as fraudulent,
and to require the defendant Willard E. Carpenter to convey
said lands to the plaintiff in conformity to the directions
contained in a certain judgment of a divorce action tried in
the superior court of Cook county, Illinois.

Prior to the commencement of this present action *Mabel
Mallette* commenced an action in the superior court of Cook
county, Illinois, against Willard E. Carpenter, one of the
defendants herein, for a divorce and for alimony. In that
action the Illinois court entered a decree in favor of the
plaintiff, *Mabel Mallette,* granting her an absolute divorce
from her husband, the defendant Willard E. Carpenter, and
awarding her alimony in the sum of $4,000. The decree
provided "that the defendant, . . . pay to the complain-
ant, . . . as permanent and in full settlement of alimony
herein, the sum of four thousand dollars, to be satisfied by
the defendant by conveying to the complainant the said real
estate, . . . the said conveyance to be made on or before
thirty days from the date hereof;" and in default thereof
"that execution issue therefor." The lands referred to in
the decree were owned by the defendant when the action was
commenced and were situated in the state of Wisconsin.

The defendant Willard E. Carpenter did not convey the lands to the plaintiff as directed by the decree of the Illinois court, but he had theretofore conveyed them to *Allyne V. Scheerer* and *Hugo Scheerer* during the pendency of the divorce action on November 4, 1914, the decree being handed down on the 28th day of September, 1915. Shortly after the divorce was granted to plaintiff the defendant Carpenter married *Allyne V. Scheerer,* his present wife and codefendant in this action.

The plaintiff's amended complaint in the present action alleges the foregoing facts and prays for judgment that the conveyances from Willard E. Carpenter to *Allyne V. Scheerer* and *Hugo Scheerer* be adjudged null and void and that the said defendant Willard E. Carpenter be directed to convey the lands to this plaintiff and that the title be quieted and confirmed in her.

The defendant Willard E. Carpenter is in default and the defendants *Allyne V. Scheerer* and *Hugo Scheerer* demurred to the complaint in the present action. The court overruled the demurrer, and this is an appeal from such order.

For the appellants the cause was submitted on the brief of *Fulton, Garey & Deutschman* and *Bouck, Hilton, Kluwin & Dempsey,* of counsel.

For the respondent there was a brief by *Browne, Browne & Smith,* and oral argument by *L. D. Smith.*

SIEBECKER, J. This is an action to enforce a divorce judgment against Willard E. Carpenter awarded by the superior court of Cook county, Illinois, in a divorce action brought by the plaintiff against Carpenter. As appears by the foregoing statement, such court awarded judgment in plaintiff's favor dissolving the bonds of matrimony between her and Carpenter and awarding judgment in her favor and against him for the recovery of her property rights in Carpenter's estate. It appears that Carpenter defaulted in the

payment of such judgment of alimony and refused to convey to plaintiff his title to certain real estate he owned in Wisconsin in satisfaction of the judgment of alimony.     The defendants *Allyne V. Scheerer* and *Hugo Scheerer* deny plaintiff's right to proceed in the courts of this state to enforce this judgment against Carpenter and to assail as fraudulent his conveyance to them of his title to such real estate.     The superior court of Illinois obtained jurisdiction of his person and the subject matter in the divorce action by personal service on him of its process and by his appearance by attorney in the action.     At the time plaintiff commenced the divorce action she and Carpenter were domiciled in Illinois. The facts and circumstances show that Carpenter was subjected to the jurisdiction of the Illinois court for the purpose of the divorce proceeding and that such court has jurisdiction in the matter to determine all the rights of the parties arising out of their marital relations, including plaintiff's property rights in Carpenter's estate, and to render judgment awarding her permanent alimony as a division and distribution of his estate between them.     *Cole v. Cole,* 142 Ill. 19, 31 N. E. 109; *Kunze v. Kunze,* 94 Wis. 54, 68 N. W. 391.     Under the law of Wisconsin the same relief is appropriate in divorce actions under sec. 2364, Stats., and the numerous adjudications of this court on the subject.     This court has recognized the propriety of a foreign jurisdiction to determine and enforce a division and distribution of a husband's estate in divorce proceedings, including Wisconsin real estate, by exerting its powers *in personam* against the husband and thus requiring him to comply with the order and judgment of such court respecting such property beyond. its jurisdiction.     *Dickson v. Loehr,* 126 Wis. 641, 106 N. W. 793; *Zentzis v. Zentzis,* 163 Wis. 342, 158 N. W. 284; *Pennoyer v. Neff,* 95 U. S. 714; *Fall v. Eastin,* 215 U. S. 1, 30 Sup. Ct. 3.

It is alleged that the defendant Carpenter. evaded the processes of the Illinois court and thus prevented such court

from compelling him to convey to plaintiff the title he held to the Wisconsin real estate and that he fraudulently conveyed it to *Allyne V.* and *Hugo Scheerer* to hinder and defraud the plaintiff of the fruits of the divorce decree, and she therefore invokes the jurisdiction of the courts of this state to enforce the decree of the Illinois court for alimony and to compel him to satisfy the same by conveying her the title of his Wisconsin real estate as directed by the Illinois court. This claim is grounded on the provisions of sec. 1, art. IV, of the federal constitution, which declares: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." Under this constitutional provision judgments of a sister state are not executory and do not *per se* authorize their enforcement by the processes of the courts of another state; such judgments have not the force and effect of a domestic judgment. A party who has obtained a judgment against another in one state has the right to sue upon it in another state under this full faith and credit clause of the federal constitution, and when it is exhibited in the latter court as evidence it entitles the party suing thereon to a judgment in such court enforcing the obligations of the original judgment. The right to so enforce a judgment for a money demand is well established. Decrees awarding alimony to a wife in a divorce action in any state, wherein such court has jurisdiction of the parties and the subject matter of the action, will be carried into effect by the courts of the sister states. *Barber v. Barber,* 62 U. S. 582; *Sistare v. Sistare,* 218 U. S. 1, 30 Sup. Ct. 682; *Kunze v. Kunze,* 94 Wis. 54, 68 N. W. 391; *De Longe v. Fischback,* 153 Wis. 193, 140 N. W. 1125. It is obvious in the instant case that a resort to the usual enforcement of the Illinois decree for alimony by execution only will not give the plaintiff the full relief awarded her in the divorce judgment, which decreed that Carpenter convey to her the title of the real estate he owned in Wisconsin when the divorce proceedings were begun. As indicated above,

the policy of this state is in accord with that prevailing in Illinois respecting the power of the courts to award the wife relief in divorce judgments for the purpose of making a settlement of the property rights of the parties arising out of their marital relations by awarding a final division and distribution of the husband's estate. No objection therefore exists to the enforcement of this divorce judgment in the courts of this state on the ground of conflict between the policy of Illinois and Wisconsin on this subject. The federal supreme court in *Barber v. Barber, supra,* declared:

"The parties to a cause for divorce and for alimony are as much bound by a decree for both, which has been given by one of our state courts having jurisdiction of the subject matter and over the parties, as the same parties would be if the decree had been given in the ecclesiastical court of England. The decree in both is a judgment of record, and will be received as such by other courts. And such a judgment or decree, rendered in any state of the United States, the court having jurisdiction, will be carried into judgment in any other state, to have there the same binding force that it has in the state in which it was originally given."

The *Barber* and other cases on the subject were re-examined by that court in *Sistare v. Sistare,* 218 U. S. 1, 30 Sup. Ct. 682, and the *Barber Case* was affirmed in all respects. In the *Sistare Case* the court, speaking of the right to the enforcement of a judgment of a sister state by another state, declared:

". . . that, as pointed out in *Lynde v. Lynde,* 181 U. S. 183, 187, 21 Sup. Ct. 555, although mere modes of execution provided by the laws of a state in which a judgment is rendered are not, by operation of the full faith and credit clause, obligatory upon the courts of another state in which the judgment is sought to be enforced, nevertheless *if the judgment be an enforceable judgment in the state where rendered* the duty to give effect to it in another state clearly results from the full faith and credit clause, although the modes of procedure to enforce the collection may not be the same in both states."

The judgment exhibited by plaintiff directs Carpenter to convey the title to the Wisconsin real estate to satisfy the judgment for alimony awarded plaintiff. This method of satisfying such a judgment is recognized in this state. We are led to the conclusion that plaintiff is entitled to the relief in the courts of this state of enforcing the Illinois decree by the judgment of our courts. As a part of such relief she has the right to litigate the question of the alleged fraudulent conveyance by Carpenter to the *Scheerers* of his Wisconsin real estate. Relief against such alleged fraud is incidental to the mode of enforcing the judgment under the laws of this state. The trial court properly overruled the demurrer of the defendants.

*By the Court.*—The order appealed from is affirmed.