WILL OF BURGHARDT: ARNDT, Executrix, Appellant, vs. BURGHARDT, Respondent.

*March 13—April 4, 1917.*

*Judgments: Validity: Signature of judge not necessary: Foreign judgment of divorce: Evidence: Authentication: Insufficient objection: Enforcement in this state: Allowance for support of child: Death of defendant: Limitation of actions.*

1. The judgment of a court of this state is valid without the signature of the trial judge; and in the absence of evidence to the contrary it must be presumed thät the law governing such records is the same in Illinois as in this state.

2. Had proper objection been made it would have been error to admit in evidence in a court of this state a document purporting to be a copy of a divorce judgment of an Illinois court, but not authenticated in either of the methods authorized by sec. 4145, Stats.; but, it appearing that counsel objecting to its admission stated that he did not care to press his objection that it was not properly certified, that a letter from the defendant in the divorce action recognizing the existence of the judgment was subsequently received in evidence without objection, and that payments had been made by such defendant in accordance with the terms of the judgment, it was not error to consider the copy of the judgment as properly before the court.

3. Although an Illinois judgment of divorce requiring the husband to pay a weekly sum, not as alimony for the wife, but for the support of a minor child whose custody was awarded to her, did not fix in absolute terms the total amount due or to become due, and could not be docketed as a money judgment enforceable by execution, yet, the husband having since died, so that no modification of the judgment as to such allowance could be made by the Illinois court, and the amount unpaid during his lifetime being a mere matter of computation, the judgment was a proper basis for a claim enforceable in this state against the estate of the husband, who resided here at the time of his death.

4. The statute of limitations—sub. (1), sec. 4221, Stats.—bars a recovery in such case only of the weekly payments which fell due, under the terms of the judgment, ten years or more prior to the death of the defendant in the divorce action.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The appeal is from a judgment in favor of claimant, *Mrs. Laura Burghardt,* upon appeal from the county court.

A judgment of divorce was entered in Illinois in favor of claimant and against her then husband, William F. Burghardt, by the terms of which she was awarded the custody of the minor child Ella, then two years old, with no provisions for the payment of anything other than an allowance of $2 per week for the support of the child.  No further steps were taken by either party in that divorce action subsequent to the judgment.

The defendant paid on this judgment from the time of its entry on February 15, 1897, until October 16, 1898, when he left Illinois and came to Wisconsin, where he resided until his death February 13, 1913.  He left $1,000 to the daughter Ella, who has resided with claimant continually.  *Mrs. Burghardt* filed a claim against his estate herein for the full amount claimed to be due for alimony from October, 1898, and interest thereon.  The claim was allowed for the ten years preceding the death of Burghardt at an amount which was stipulated to be $1,278, and from the judgment for that amount with costs the executrix appeals.

The cause was submitted for the appellant on the brief of *Ernst von Briesen* of Milwaukee, and for the respondent on that of *Litzinger, McGurn & Reid* of Chicago, Illinois, and *Quarles, Spence & Quarles* of Milwaukee.

ESCHWEILER, J.   It is contended that the trial court erred in admitting as evidence a document which purported to be a copy of the divorce judgment of the Illinois court.   And further, that if such evidence should have been received, then the court erred in holding that the judgment or decree was such as would be recognized or enforced in this state.

The document offered in evidence purports on its face to be a copy of a judgment of the circuit court for Cook county with the seal attached and a certificate of the clerk.   At the

time it was offered in evidence appellant's counsel objected to it on the ground that it was incompetent, irrelevant, and immaterial, and not properly certified. The court then asked counsel, "In what respect not properly certified?" to which counsel responded, "I think it lacks certification in that it does not say that the clerk compared it with the original. I do not care to press that. I would like certification." Upon which the court ruled that the same would be received subject to the objection. No further objections appear to have been made or questions raised about the offer during the trial.

The certificate of the clerk to the document offered contained no allegation that such copy had been compared with the original record, in that respect failing to comply with the provisions of sec. 4140, Stats. It had no accompanying certificate from the judge of the Illinois court to the effect that the attestation by the clerk is in due form as required by the laws of the United States. R. S. of U. S. 905 (1 Comp. Stats. 1913, § 1519). So that, on the face of it, it did not comply with the provisions of sec. 4145, Stats., which authorizes these two methods of proof. It was therefore inadmissible as then presented if proper objections thereto had been made. *Hackett v. Bonnell,* 16 Wis. 471; *Halfhill v. Malick,* 145 Wis. 200, 213, 129 N. W. 1086. It is also insisted that it should not have been received in evidence for the reason that there does not appear to have been any signature thereon of the judge who tried the cause. No statutes or decisions of Illinois were offered in evidence, and we must therefore assume that the law governing such records is the same there as in this state. No such signature is necessary in order to have a valid judgment in this state. *Allen v. Voje,* 114 Wis. 1, 89 N. W. 924; *Wallis v. First Nat. Bank,* 155 Wis. 533, 145 N. W. 195.

It further appears from the uncontradicted testimony that payments were made by the defendant in accordance with the terms of this judgment. A letter written by deceased to

claimant was received in evidence without objection, which from its terms might be considered as a recognition of the existence of such judgment.    Upon the attitude, therefore, of counsel taken at the time of the offering of this record, and the subsequent evidence and proceedings, we cannot say that it was error to consider the copy of the judgment offered as properly before the court.  ·

It is urged that, being a judgment for weekly payments only and not a determination of any absolute precise amount due, it is not such a judgment as will be enforced or recognized in a sister state, and that before proceedings in this state could properly be had upon the same it would be necessary that proceedings be taken in the Illinois court having original jurisdiction, and alone having the power to modify it, to determine the amount absolutely due.

This court in the case of *Mallette v. Scheerer*, 164 Wis. 415, 160 N. W. 182, holds that divorce judgments from sister states shall be given full faith and credit in this state.

It is true that a distinction is made by some authorities between a judgment decreeing the payment of alimony by instalments and which at the time of their being sued upon in the sister state are still subject to revision by the court of original jurisdiction and therefore not to be enforced beyond the amount determined by the original judgment itself to be then accrued, and judgments fixing in absolute terms the total amount due or to become due.    *Page v. Page,* 189 Mass. 85, 75 N. E. 92; *Israel v. Israel,* 148 Fed. 576.

Although the judgment before us is not such a final judgment determining the amount due as was the one in the case of *De Longe v. Fischback,* 153 Wis. 193, 140 N. W. 1125, nor is it in such position that it might be docketed as a money· judgment and execution issued to enforce it as suggested in *Staples v. Staples,* 87 Wis. 592, 595, 58 N. W. 1036, and *Renner v. Renner,* 127 Wis. 371, 376, 106 N. W. 846, yet where, as here, the allowance is not in the shape of alimony

for the wife but for the support and care of the minor child, who has been supported and cared for by the mother to whom she was awarded, and where, the husband being dead, further application could not be made to the Illinois court for any modification or change as to the allowance, if any such were proper, it must be held that the amount due being merely a matter of mathematical computation made it such a judgment and decree that it may be enforced against the estate of the deceased as was done in this case in the court below and as was done in the case of *Martin v. Thison's Estate,* 153 Mich. 516, 116 N. W. 1013.

It is further urged that, inasmuch as this judgment of 1897 is relied upon as a foundation for the claim filed herein, it must be barred by the statute of limitations, sub. (1), sec. 4221, which provides that an action upon the judgment or decree of any court of record of a sister state must be commenced within ten years after the cause of action accrued. The court below placed the proper construction upon the statute of limitations by limiting the recovery to such weekly instalments as fell due under the terms of said judgment within the ten years next preceding the death of the defendant in that action. In such a form of judgment the statute of limitations can only commence to run as to the instalments from the times that such respective payments become due under the terms of the judgment. 23 Cyc. 1510; *Gaston v. Gaston,* 114 Cal. 542, 46 Pac. 609; Angell, Lim. sec. 110; *Ulman v. Ulman,* 148 Mich. 353, 111 N. W. 1072.

*By the Court.*—The judgment of the circuit court is affirmed.