THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ LUIS TORREGROSA, Defendant and Appellant.

No. 8336. Argued November 7, 1940.—Decided December 18, 1940.

760

*B. Fernández García* and *Angel M. Torregrosa* for appellant. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Against the defendant-appellant there was brought a complaint for slander wherein he was charged with having wilfully and maliciously spoken from a public speaker's platform the following words:

".... That the sailors from the warships were criminals and turned our women into prostitutes filling the cabarets of San Juan; that when a tourist steamer arrived in Puerto Rico the female tourists could be seen landing almost naked, wearing a handkerchief for a dress; that they were prostitutes and he could prove it; that the Colonel of Police, Mr. Enrique de Orbeta, and the Chief of Police of Ponce, Mr. Felipe Blanco, had exchanged telegrams planning 'the Ponce massacre and murders'; that the same were subsequently sanctioned by the Governor of Puerto Rico, Mr. Blanton Winship, by rewarding the murdering policemen and increasing their salaries; that the real terrorist in Puerto Rico was Governor Blanton Winship because he had rewarded the murderers, increasing their salaries and promoting them."

It was alleged in the complaint that said statements were false and that they were made tending to injure the honor and worthiness of the persons therein mentioned and with the perverse intention to expose said persons to public ridicule.

The defendant filed a peremptory demurrer to the complaint and substantially alleged as follows:

1. That the words relating to the sailors and the tourists do not constitute a crime or possible ground for slander; as no reference

is made to any natural or artificial person, and because the names of the supposed injured persons can not be supplied by the general allegations contained in the complaint.

2. That the statements attributed to him, regarding Colonel Orbeta, Captain Blanco, and Governor Winship lack positiveness, because they are not the exact words uttered by some person. Their drafting in the form of a narrative does not convey to the understanding nor to the conclusion of a common mind the exact quotation which is required in prosecutions for slander.

3. That from the text of the complaint it does not appear whether the supposed injured parties were "present or absent" while the alleged statements were made.

4. That the complaint fails to allege that the statements were made in order "to dishonor and bring contempt on the supposed injured persons in the opinion of those who were present at said act."

5. That the complaint does not state a public offense, since the alleged defamatory statements are not susceptible of being interpreted in the sense that they might impute the commission of a crime to the supposed injured persons,

6. That the complaint fails to set forth the exact words which were spoken by the defendant.

7. That the complaint charges more than one offense.

After the demurrer had been overruled and the case tried in the District Court of Guayama, the defendant was found guilty and sentenced to pay a fine of $25, together with the costs. Thereupon the defendant appealed.

There is no controversy as to the evidence, except the claim made by the appellant that the same is insufficient. It is urged that the trial court erred (1) in overruling the peremptory demurrer to the complaint, and (2) in denying the motion based on the insufficiency of the evidence.

We agree with the appellant that the first part of the complaint, that is, the one relating to the sailors and the tourists, does not charge the commission of any public offense. In order to constitute the crime of slander it is necessary that the defamatory words or false imputations refer to another person whether natural or artificial. In the

present case, the statements uttered by the defendant do not refer to any particular sailor or tourist. *People v. Santos*, 24 P.R.R. 58.

Disregarding the words relating to the sailors and tourists, let us see whether the remaining portion of the complaint states facts sufficient to constitute the crime of slander.

The Act to define and punish the crime of slander approved March 9, 1911 (Penal Code, 1937 ed., p. 172), provides:

"Sec. 1.—SLANDER, DEFINED.—Slander is a false and malicious utterance made by word of mouth in a public manner against a natural person or a body corporate, whereby said natural person or body corporate is charged with the commission of a deed punishable by law.

"Sec. 2.—Slander is also a tale or report maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate.

"Sec. 3.—WHAT CONSTITUTES THE CRIME OF.—Any slanderous statement made publicly, whether in the presence of the injured person or in his absence, shall be presumed to be malicious and shall constitute the crime of slander."

The complaint alleges and the evidence establishes that at a public meeting attended by over one hundred persons, the defendant, addressing himself to the people assembled there, charged Mr. Enrique de Orbeta, Colonel of the Insular Police, and Mr. Felipe Blanco, Chief of said organization in the city of Ponce, with having planned "the Ponce massacre and murders"; and in the same act the defendant charged Mr. Blanton Winship, Governor of Puerto Rico, with having sanctioned the massacre and murders and with rewarding the murderers and increasing their salaries. It can not be doubted that the acts imputed by the defendant to the above-mentioned public officers are acts constituting a crime. Were the imputations made by the defendant true, said officers would be guilty, the first two as principals and the latter as an accomplice of the crime of murder.

■ The lower court did not err in taking judicial notice of the fact that "the Ponce massacre and murders" to which the defendant referred in his speech was the regrettable event which occurred in the city of Ponce on March 21, that is, on Palm Sunday, 1937, in which members of the insular police, young men affiliated to the Nationalist Party and even innocent bystanders lost their lives. The event was the object of intensive and prolonged publicity, it having been characterized by a portion of the press and public opinion as a "massacre" or wholesale murders committed by the police; and by the opposite press and opinion as a legally justified occurrence. The lower court could not disregard facts which are of public notoriety and which unfortunately constitute a mournful page of our contemporary history. A judge, in the discharge of his functions, is not compelled to assume a degree of ignorance which would be unpardonable for him to exhibit in his private capacity. *People* v. *López,* 23 P.R.R. 106; *Jarvis* v. *Robinson,* 21 Wis. 523, 526, 530, 94 Am. Dec. 560; *Amos* v. *Moseley,* L.R.A. 1918C, 482; *Brass* v. *Texarkana etc., R. Co.,* 218 S.W. 1040; *Hurst* v. *Chicago, etc. R. Co.,* 219 S.W. 566.

■ There is no misjoinder in the complaint. The portion thereof relating to the sailors and tourists having been dismissed for insufficiency, the complaint charges the defendant with a single offense: that of having falsely and maliciously imputed to three different persons the commission of acts which constitute a crime. *People* v. *Collazo,* 20 P.R.R. 190, *People* v. *Vázquez,* 20 P.R.R. 338.

We have examined the evidence and, in our opinion, the same is sufficient to justify the judgment.

The appeal must be overruled and the judgment appealed from affirmed.