WILL OF SKORCZYNSKI: KARSHEN, Appellant, vs. KLECZKA, Executrix, Respondent.

*January 9—February 7, 1950.*

*Walter Schinz, Jr.,* and *Vincent A. Schmit,* both of Milwaukee, for the appellant.

*Arlo A. McKinnon* of Milwaukee, for the respondent.

MARTIN, J. The trial court rendered the following decision on claim on March 28, 1949:

"Sophie Skorczynski (Karshen) filed her claim against the above estate for $7,427. The matter comes before the court upon objections to the claim. Decedent died testate July 14, 1946.

"Prior to February 10, 1922, decedent and claimant were husband and wife. Four children were born of the marriage —three boys and a girl, born April 3, 1912, April 22, 1914, October 23, 1916, and November 18, 1918, respectively.

"On February 10, 1922, the parties were divorced in the circuit court for Milwaukee county, the divorce being granted to him. He was awarded custody of the four minor children, but having no place for them, they were placed temporarily by court order in St. Joseph's orphan asylum where testator

paid $40 per month for their care. Some six months later one of the children became ill and the court upon claimant's motion, placed the children temporarily with her parents where they grew to maturity.

"This controversy concerns alleged liability of decedent to claimant upon order for support of three of the minor children, then aged eleven years ten months, thirteen years eleven months, and sixteen and one-half years, respectively, made and entered October 1, 1930, by Judge BREIDENBACH in the circuit court for Milwaukee county.

"The claimant testified that decedent was supposed to pay $40 per month from August, 1922, until October, 1930, when this order was entered but that 'he just didn't pay, made one or two payments.'

"The falsity of this testimony is established by the affidavit of claimant dated September 12, 1930, for presentation to Judge BREIDENBACH which states the arrears then due and owing were sixty dollars ($60). Judge BREIDENBACH's order required decedent to pay to claimant $40 per month for support. Claimant contends that he was liable upon this order until his death July 14, 1946.

"It appears to this court that all liability of the husband, if any, was fixed as of November 18, 1939, when the youngest child became of age. *Boehler v. Boehler,* 125 Wis. 627.

"Under ch. 247 of our statutes exclusive jurisdiction of divorce and attendant matters is vested in the circuit courts.

"Continuing jurisdiction of the matter of support of children is given to the trial court to make orders from time to time concerning support of minor children.

"Matters of changed circumstances of the parents, employment, emancipation, and earnings of the children, whether or not he was denied the right of visitation, the effect of her laches for ten years from 1935 to 1946, and her excuses therefor, if any, the care the children received are subjects for review and ultimate determination there and there only. *Yates v. Yates,* 157 Wis. 219.

"In order to do complete justice in a case such as we have here all of these matters would require consideration. Probate courts are created for the settlement of the estates of deceased persons and are of limited jurisdiction. *Estate of Sipchen,* 180 Wis. 504.

"If claimant wished to establish finally her husband's liability in the divorce she should have proceeded in the circuit court at the time the youngest child attained majority. The fact that she waited from 1939 to 1946, and in the meantime her husband died, is her self-induced misfortune.

"But controversies between executors and persons not interested in the particular estate cannot and should not be determined in county court.

"The court finds that it is without jurisdiction to try and to determine the issues presented upon this claim. Those issues should have been determined either in the divorce proceeding or by an independent action for that purpose in a proper forum.

"The court concludes that the claim be disallowed *in toto*."

On April 29, 1949, the trial court filed the following conclusions of law: .

"1. The above court is without jurisdiction to try and to determine the issues presented upon the aforesaid claim of Sophie Skorczynski (Karshen).

"2. The issues presented upon the said claim should have been determined either in the divorce proceeding or by an independent action for that purpose in a proper forum.

"3. Claimant wilfully testified falsely in a material respect and was in error in her testimony as to payments made prior to 1930. The only testimony directly to the effect that decedent made no payments after 1930, is claimant's testimony and the records of the clerk of the circuit court, which records do not purport to be and are not a complete record of payments. The claimant having wilfully testified falsely in a material respect, the court elects to and does disregard her testimony entirely. The court concludes that even if this court had jurisdiction to try and to determine the issues presented upon the aforesaid claim, the claim has not been adequately proved or established and should be disallowed *in toto*.

"4. Even if this court had jurisdiction to try and to determine the issues presented upon the aforesaid claim, the claim is .deemed barred and should be disallowed by reason of claimant's delay and laches, claimant having offered or established no disability, excuse, reason, or justification for such delay and such laches."

The trial court was in error in holding that it did not have jurisdiction in this matter. The general rule is that awards of alimony and support money are proper claims against the estate of the decedent husband. See *Will of Burghardt* (1917), 165 Wis. 312, 316, 162 N. W. 317, in which the court dealing with a similar situation said that "it must be held that the amount due being merely a matter of mathematical computation made it such a judgment and decree that it may be enforced against the estate of the deceased."

The trial court made findings of fact and conclusions of law on the merits after holding it had no jurisdiction in the matter. The attorney for claimant did not have an opportunity to present his arguments before the trial judge. Since the trial court felt that it lacked jurisdiction, it is evident that a full consideration was not given to the issues. A new trial is necessary.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.